**Bruce Arnold HASEROT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 18447.

United States Court of Appeals
Ninth Circuit.

Aug. 15, 1963.

James E. Burns, San Francisco, Cal.,
for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Section; and Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and SWEIGERT, District Judge.

BARNES, Circuit Judge.

Bruce Arnold Haserot (appellant) having waived jury trial, was tried and convicted by the district court under an indictment charging him, on or about May 14, 1962, with returning to and entering the United States without registering with a Customs official, agent or employee at his point of entry as required by law, and without surrendering the certificate (which the law required him to obtain before leaving the United States) to said Customs official, agent or employee, in violation of 18 U.S.C. § 1407. Appellant was sentenced to two years imprisonment, subject to the provisions of 18 U.S.C. § 4208(a) (2).

The jurisdiction of the district court was based on 18 U.S.C. § 3231; this court has jurisdiction under the provisions of 28 U.S.C. §§ 1291 and 1294 (1).

There is no factual dispute in this case. Title 18 United States Code § 1407 (a) provides, in part:

"[I]n order to facilitate more effective control of the international traffic in narcotic drugs, and to prevent the spread of drug addiction, no citizen of the United States who is addicted to or uses narcotic drugs * * or who has been convicted of a violation of any of the narcotic or marihuana laws of the United States, or of any State thereof, the penalty for which is imprisonment for more than one year, shall depart from or enter into or attempt to depart from or enter into the United States, unless such person registers, under such rules and regulations as may be prescribed by the Secretary of the Treasury with a customs official, agent, or employee at a point of entry or a border customs station.

Unless otherwise prohibited by law or Federal regulation such customs official, agent, or employee shall issue a certificate to any such person departing from the United States; and such person shall, upon returning to the United States, surrender such certificate to the customs official, agent, or employee present at the port of entry or border customs station."

On October 19, 1959, in the Superior Court, County of Los Angeles, State of California, appellant had been convicted of a violation of Section 11502 (now Section 11503) of the California Health and Safety Code. This section states:

"Every person who agrees, consents, or in any manner offers to unlawfully sell, furnish, transport, administer, or give any narcotic to any person, or offers, arranges, or negotiates to have any narcotic unlawfully sold, delivered, transported, furnished, administered, or given to any person and then sells, delivers, furnishes, transports, administers, or gives, or offers, arranges, or negotiates to have sold, delivered, transported, furnished, administered, or given to any person any other liquid, substance, or material in lieu of any narcotic shall be punished by imprisonment in the county jail for not more than one year, or in the state prison for not more than 10 years."

On May 14, 1962, appellant, a citizen of the United States, did return and enter the United States at the Port of San Diego (San Ysidro), California, without registering with a Customs official, agent or employee at this point of entry, and without surrendering a certificate, showing that he had registered, to the Customs official, agent or employee.

The sole question on appeal is whether Section 11503 is a "narcotic or marihuana" law of the State of California within the meaning of 18 U.S.C. § 1407 (a).

Appellant contends that Section 11503 is "merely a legislative enlargement of the California 'bunco' law," and not a narcotic law. (Appellant's Brief, p. 7).

It seems clear to us that Section 11503 is a "narcotic or marihuana" law of the State of California. It is found in the California Health and Safety Code under Division X, entitled *"Narcotics,"* and under Chapter 5, entitled *"Illegal Narcotics."* This section is listed among the prior narcotics offenses precluding probation in the event of a subsequent conviction. (Cal. H. & S. Code, § 11715.-6.) It is one of those narcotic offenses involving increased potential punishment limits in the event of a subsequent conviction. (Cf. Cal. H. & S. Code §§ 11500, 11500.5, 11501, 11502 and 11502.-1.) Persons convicted of violating Section 11503 are required to register under Article 6 of the California Health and Safety Code, entitled *"Registration of Narcotic Offenders."* (Cal. H. & S. Code §§ 11850.)

The judgment of the district court is affirmed.