[Crim. No. 216.   Fifth Dist.   Feb. 24, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. GARY R. FRANCISCO, Defendant and Appellant.

Gary R. Francisco, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Nelson P. Kempsky, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (R. M.), J.—The plaintiff pleaded guilty to a charge of violation of Penal Code section 470 (forgery) and was sentenced on March 9, 1965, to prison. In July 1965 he filed a petition for a writ of *coram nobis*. Appellant was personally present at the hearing held on August 6, 1965, where the court was extremely careful in asking appellant whether or

not he wanted an attorney. At that time the appellant waived his right to counsel and the matter was subsequently continued to August 11, 1965, where the appellant again waived his right to counsel. Upon denial of relief on the petition, he filed a timely notice of appeal.

Prior to the time of sentencing the appellant was represented by Deputy Public Defender Stone, and by Chief Public Defender Hancock at the time of sentencing. At the hearing on the writ the appellant called Mr. Stone as a witness with reference to his recollection of a conversation with appellant concerning the possibility of making restitution for the bad checks and for probation. The witness denied that he had had such a conversation with appellant and testified that he did not recall telling appellant he would talk to the district attorney or the judge and attempt to get probation for the appellant. Mr. Hancock, also called as a witness by appellant, stated that his only conversation with appellant was that he advised him he would attempt to contact appellant's brother-in-law to see if restitution would be possible. On the stand, appellant testified that Mr. Stone was going to get in touch with his brother-in-law with regard to restitution and would attempt to get appellant probation. Appellant also claimed that Mr. Hancock was asked why Mr. Stone had not kept his word about getting probation and that Mr. Hancock told him that he would talk to the district attorney and try to get appellant off with probation or county time.

On cross-examination at the hearing appellant said he thought he was going to receive probation until he saw the probation report. Appellant refused, at the hearing, to acknowledge that he had written a letter to the court on January 22, 1965, at which time he asked the judge for one more chance to prove himself. He did, however, admit making a statement to the probation officer which concluded with the statement that ''They may not be the best facts but it's what happened and how I came about getting into this mess that I'll do three years for.'' Appellant also admitted on cross-examination that before he saw the probation report he was sure that he would get the ''joint.''

In response to a question by the court, the appellant admitted that at no time had he been told by Mr. Hancock or Mr. Stone that they had contacted the district attorney or that a deal had been made that he was to get straight probation. He further admitted that at the time he entered his plea of guilty he had received no promises at any time for such a plea.

In appellant's statement of facts on this appeal he argues

(1) that the court did not tell him that he had a right to have a jury on the *coram nobis* proceeding; (2) that the court displayed prejudicial misconduct; (3) that the court took advantage of his lack of knowledge of the law; (4) that he was denied his request for law books; (5) that appellant did not know that the court was going to limit his hearing to two allegations with respect to his attorneys; and (6) that all of his grounds for the issuance of the writ are valid.

In the section of appellant's brief entitled "Argument," he urges that (1) the public defender did not support his motion to withdraw his plea of guilty with affidavits showing good cause and that this was ineffective representation; and (2) the denial of the motion to change his plea of guilty without testimony was an abuse of discretion by the trial judge. (The record indicates no such motion having been made.)

We believe that the hearing was conducted properly and that the court correctly limited the matter to the two issues raised, and that appellant's other contentions are without relevance to the present proceedings.

There is no merit in appellant's claim that he was entitled to a jury on his petition for a *coram nobis* writ. ■ As was said in *People* v. *Shipman*, 62 Cal.2d 226, 230-231 [42 Cal. Rptr. 1, 397 P.2d 993]: "If the court deems additional procedures necessary to correct determination of the issues, it may also require the presence of petitioner and other witnesses, and conduct the hearing like an ordinary trial. . . . Neither the United States Constitution nor California law, however, requires that the hearing be conducted as a formal trial."

■ One of the claims of appellant was that he was prevented from getting a witness who was in Utah. The court stated that it had no authority to subpoena a witness out of its jurisdiction, but did permit the appellant to make an offer of proof as to what the witness would testify to. After consideration of this matter, the judge excluded this evidence because it was not relevant to the proceeding. This was proper.

■ We can see no misconduct on the part of the judge when he told appellant that it was up to the appellant to prove that the attorneys were not telling the truth.

■ Appellant objects to the trial court's remarks that when the hearing started it was up to the appellant who made the allegations in the petition to make his own presentation thereof. It is not the trial court's duty to explain to the petitioner how he should present his case.

440

■ To the appellant's contention that the trial court took advantage of his lack of knowledge of the law, we think that the court was more than fair in the method in which it let the appellant put on his case. The appellant cannot waive counsel and then claim error on appeal that he was treated as if he were no different than an attorney. (*People* v. *Chessman*, 38 Cal.2d 166, 174 [238 P.2d 1001].) Appellant chose to represent himself and did not take advantage of the offer of counsel. (See *People* v. *Chessman, supra*, pp. 173-174.)

■ Appellant's complaint that he was unaware that he would be limited to only two of the fourteen issues he had raised by his petition is without merit. He is not entitled to a law course on the presentation of a case for a writ of *coram nobis*, and it is not necessary for the court to inform him of all matters which might be heard on a *coram nobis* proceeding.

■ Each of the appellant's claims numbered 1 to 14, excepting the two matters regarding the statements of the attorneys, refers to matters which occurred before the petitioner was arraigned and could have been raised by him at any time before his plea of guilty, judgment, and sentencing. ■ In addition, most of these claims refer to violation of his constitutional rights, which is not the proper subject for an application for a writ of *coram nobis*. (*People* v. *Shipman, supra*; *People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13] ; *People* v. *Tapia*, 231 Cal.App.2d 320 [41 Cal.Rptr. 764] ; and *People* v. *Blevins*, 222 Cal.App.2d 801 [35 Cal.Rptr. 438, 36 Cal.Rptr. 191].)

A careful reading of the reporter's transcript shows that the trial court was exceptionally generous in allowing appellant a hearing on his claims with respect to his former attorneys. It is not indicated in the record how his conversations with his attorneys may have affected his plea of guilty or what the grounds for the writ of *coram nobis* were. ■ The claim that appellant's attorneys implied probation if he pleaded guilty is not an allegation of state involvement nor does it state a ground for *coram nobis* relief. (*In re Nunez*, 62 Cal.2d 234 [42 Cal.Rptr. 6, 397 P.2d 998] ; *People* v. *Quigley*, 222 Cal.App.2d 694 [35 Cal.Rptr. 393].)

The appellant further states that his appointed attorneys failed to support a motion for change of plea and that the court abused its discretion in denying such a motion. The record does not indicate that such a motion was made; therefore, the trial court could not have abused its discretion in denying a motion which had not been made.

■ The appellant's petition fails to comply with the general rules set forth in *People* v. *Shipman, supra,* 62 Cal.2d 226, 230, as follows: "The writ of *coram nobis* is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence . . .[does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .' [Citations.]

"In view of these strict requirements, it will often be readily apparent from the petition and the court's own records that a petition for *coram nobis* is without merit and should therefore be summarily denied."

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.