[Crim. Nos. 3843, 3844. First Dist., Div. Two. Mar. 16, 1961.]

THE PEOPLE, Respondent, v. JOHN H. FLEMING, Appellant.

(Two Cases.)

John H. Fleming, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DRAPER, J.—Separate indictments charged defendant with sale of marijuana and with conspiracy to commit robbery. He pleaded not guilty to each charge. Trial date was continued a number of times, all by consent of the attorney selected by defendant. Defendant then withdrew his plea of not guilty and personally pleaded guilty to both charges. Probation was denied, and he was sentenced to prison on both offenses, the terms to run concurrently. He appeals from both judgments. He sought appointment of counsel on appeal. In view of his guilty plea, we reviewed the record, determined that such appointment would not aid the court, and denied his request. He has filed briefs in propria persona.

■■ Appellant first contends that he did not personally waive jury trial, and thus was improperly deprived of his constitutional right to trial by jury. What he overlooks is that in pleading guilty he waived the right to any trial. Once he entered this plea, no question of his right to jury trial remained (*In re Jingles,* 27 Cal.2d 496, 499 [165 P.2d 12]).

He argues that his plea was coerced by his attorney. Nothing in the record supports this claim. Even his briefs do no more than state the conclusion, without any suggestion of facts to show such coercion.

■■ He asserts that his attorney promised him that he was before a lenient judge and that he would receive sentences to county jail only. There is no showing that the first representation was erroneous. There is nothing in the record to show that the second "promise" was made. If there were, it would not avail appellant. Such assurances by a private attorney do not vitiate a plea entered in reliance thereon (*In re Atchley,* 48 Cal.2d 408, 418 [310 P.2d 15]), in the absence of apparent corroboration of them by statements or actions of a responsible state officer (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657]). Here the record wholly fails to show any such corroborative act or statement, and appellant's contention must fail (*People* v. *Rose,* 171 Cal.App.2d 171, 172 [339 P.2d 954]).

Finally, appellant argues that the attorney selected by him was incompetent or negligent in representing defendant in the trial court. In the light of the guilty plea, it is difficult to see how this claim can avail appellant. In any event, the

record wholly fails to reveal the claimed deficiencies of counsel (see *People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457]).

Both judgments are affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.