[Crim. No. 8325.   In Bank.   Jan. 15, 1965.]

In re JOE NUNEZ on Habeas Corpus.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Joe Nunez, in pro. per., and Paul Ackerman, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Respondent.

TRAYNOR, C. J.—Petitioner was charged by information with unlawful possession of narcotics (Health & Saf. Code, § 11500) and with a prior conviction for the same offense. On February 19, 1962, represented by retained counsel, he withdrew a plea of not guilty and pleaded guilty to the charge. On May 3, 1962, he again appeared with counsel and the court entered a judgment of conviction, found the prior conviction true, and sentenced him to prison. He did not appeal.

After an unexplained delay of 19 months, petitioner, confined at San Quentin, mailed a motion to withdraw the guilty plea to the trial court in Los Angeles. The court treated this motion as a petition for a writ of error *coram nobis*. Petitioner alleged that he was denied the effective aid of counsel in that counsel induced him to abandon a defense that incriminating evidence had been produced by an illegal search, and to enter a guilty plea, with the understanding that petitioner would be committed to the narcotics addict rehabilitation program. (Pen. Code, § 6451.) Petitioner requested that counsel be appointed at the *coram nobis* hearing. The trial court refused to appoint counsel to represent him, held a hearing at which his former lawyer testified, and denied the petition. Petitioner did not appeal.

On October 26, 1964, he filed this petition for a writ of habeas corpus alleging that the judge who convicted him failed to consider his suitability for the narcotics rehabilitation program, and that he was improperly denied counsel at the *coram nobis* hearing. We issued an order to show cause.

Petitioner's contention that the judge who convicted him failed to exercise his discretion under section 6451 of the Penal Code could have been raised on direct appeal from

the judgment of conviction. Whether or not habeas corpus will lie in such a situation, the record clearly demonstrates that the contention is without merit. The probation report set forth petitioner's criminal record in some detail. At the probation hearing, the trial judge stated that he had read the report and determined that petitioner was not suitable for the program. (Cf. *People* v. *Wallace,* 59 Cal.2d 548, 553 [30 Cal.Rptr. 449, 381 P.2d 185].)

Petitioner's contention that he was improperly denied counsel at the *coram nobis* hearing is governed by the rules set forth in *People* v. *Shipman, ante,* p. 226 [42 Cal.Rptr. 1, 397 P.2d 993]. ▮ In the absence of an allegation of state involvement, petitioner's allegation that counsel improperly induced him to enter a guilty plea does not state a ground for *coram nobis* relief. (See *In re Atchley,* 48 Cal.2d 408, 418 [310 P.2d 15]; *People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657]; *In re Hough,* 24 Cal.2d 522, 533 [150 P.2d 448]; *People* v. *Ynostroza,* 105 Cal.App.2d 332, 333 [232 P.2d 913].) ▮ Moreover, the record shows that petitioner wished to be referred to the narcotics rehabilitation program. Since criminal proceedings were then in progress and section 6451 of the Penal Code requires a conviction before a judge may consider such a referral, a guilty plea was the most expeditious way to invoke the court's discretion. Hence it does not appear that counsel erred in recommending a plea of guilty. ▮ Since the trial court granted a hearing on the *coram nobis* petition, however, it should have appointed counsel under the rules set forth in the *Shipman* case. But since it also clearly appears that the trial court would have been fully justified in denying the petition summarily, petitioner has shown no prejudice from the failure to appoint counsel at the hearing. Accordingly, no purpose would be served by vacating the order denying the petition for *coram nobis.*

The order to show cause is discharged, and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Peek, J., Burke, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.