[Crim. No. 9613. In Bank. May 3, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR PAUL RUMMEL, Defendant and Appellant.

Molly H. Minudri for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

McCOMB, J.—After the District Court of Appeal, Fourth Appellate District, denied defendant's motion to recall its remittitur and set aside the dismissal of his appeal from a judgment of guilty of the possession of marijuana, we granted a hearing. His appeal was dismissed by the District Court of Appeal for failure to file briefs. The dismissal of the appeal was entirely proper, and the matter will be treated as a petition for a writ of habeas corpus.

*Facts*: On February 21, 1964, defendant, while on parole, pleaded guilty in the Superior Court of San Diego County to possession of marijuana, admitting two prior convictions of the same offense.

On March 13, 1964, a hearing was held pursuant to the provisions of section 6451 of the Penal Code (now Welf. & Inst. Code, § 3051) to determine whether defendant was a narcotic addict or in imminent danger of becoming addicted to narcotics.[1]

The court determined at said hearing that defendant was a narcotic addict within the meaning of section 6451, and on March 19, 1964, he was committed to the custody of the Director of Corrections for placement in the California Rehabilitation Center for treatment.

Upon defendant's arrival at the rehabilitation center's main facility at Corona, he was refused admission because of his being a parolee. He was transferred the same day to the California Institution for Men (Chino), which has been designated a branch of the rehabilitation center. (See *In re Cruz*, 62 Cal.2d 307, 319, fn. 10 [42 Cal.Rptr. 220, 398 P.2d 412].)

---

[1]Section 6451 of the Penal Code provided, in part: ''Upon conviction of a defendant for any crime in any superior court, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and conduct proceedings to ascertain if such person is addicted to narcotics or in imminent danger thereof unless in the opinion of the judge the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section.'' (Stats. 1963, ch. 1706, p. 3354.)

On May 23, 1964, the superintendent of the rehabilitation center, by the authority granted him by the Director of Corrections under section 5055 of the Penal Code, certified that defendant was not a fit subject for confinement or treatment at the center.

Some time in the early part of June 1964, defendant filed a petition for a writ of mandamus in the Superior Court of Riverside County (the county in which the main facility of the rehabilitation center is located), seeking to require the rehabilitation center to accept him. The hearing on the petition was initially set for June 19, 1964, but was continued at the request of the Attorney General.

On June 22, 1964, defendant's parole was revoked.

On July 2, 1964, at a hearing in the Superior Court of San Diego County the probation officer recommended that probation be denied, since, having two priors, defendant was ineligible. However, the probation report represented that defendant was a fit subject for rehabilitation despite his previous narcotic possession convictions. Probation was then denied, and defendant was sentenced to the term prescribed by law, carrying a minimum term of five years.[2]

■ *Questions:* First. *Should a parolee committed to the rehabilitation center be denied treatment there because of his parole status?*

*No.* The Legislature, in section 6399 of the Penal Code (now Welf. & Inst. Code, § 3000), set forth its intent with respect to the enactment of the legislation establishing the rehabilitation program, as follows: ''It is the intent of the Legislature that persons addicted to narcotics, or who by reason of repeated use of narcotics are in imminent danger of becoming addicted, shall be treated for such condition and its underlying causes, and that such treatment shall be carried out for nonpunitive purposes not only for the protection of the addict, or person in imminent danger of addiction, against himself, but also for the prevention of contamination of others and the protection of the public. Persons committed to the program provided for in this chapter who are uncooperative with efforts to treat them or are otherwise unresponsive to treatment nevertheless should

---

[2] At the request of defendant's attorney, the superior court set aside the judgment of conviction entered July 2, 1964, and held further proceedings on July 6, 1964. At that time defendant's attorney sought a continuance until after the petition for a writ of mandamus filed in the Riverside court could be heard, but the continuance was refused, and the judgment of conviction was reinstated.

be kept in the program for purposes of control. . . ." (Stats. 1963, ch. 1706, p. 3351.)

There is nothing in the statute to indicate that parolees should be treated differently and that the rehabilitation program is reserved for persons who are not on parole.

Accordingly, it was an abuse of discretion on the part of the Director of Corrections to deny treatment to defendant solely because he was a parolee.[3]

 Second. *What effect does the order of commitment of a parolee to the rehabilitation center have upon such person's parole status?*

*None.* The Adult Authority has "full power to suspend, cancel or revoke a parole without notice, and to order returned to prison any prisoner upon parole. . . ." (Pen. Code, § 3060; see also *In re McLain*, 55 Cal.2d 78, 85 [9 Cal.Rptr. 824, 357 P.2d 1080]; *In re Etie*, 27 Cal.2d 753, 758 [2] [167 P.2d 203].) This power is not limited by the statutory provisions governing commitment of persons addicted to the use of narcotics or who by reason of repeated use are in imminent danger of becoming addicted (now Welf. & Inst. Code, §§ 3000 et seq.). In a case such as the present one the Adult Authority has the right to exercise its own discretion whether to revoke or suspend parole or to permit the parolee to be committed by the trial court to the rehabilitation center.

Here the Adult Authority has revoked defendant's parole. The petition is denied.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

---

[3]Apparently, when the rehabilitation program was started in 1961, the facilities were limited, and it was the practice not to accept persons under parole for treatment, except in a few cases where prior approval of the Director of Corrections had been obtained. In August 1964 this broad policy of exclusion of persons on parole for a prior offense was altered, and the Department of Corrections determined that all persons committed to the rehabilitation center would be evaluated during the 60-day period established by the code. Defendant's rejection, however, occurred in May 1964, before the department effected the change in its policy.