[Crim. No. 11166. Second Dist., Div. Two. Sept. 21, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ALFONSO RAMIREZ DIAZ, Defendant and Appellant.

---

Michael G. Dave, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Alan R. Wolen, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the order of the trial court denying his petition for writ of error *coram nobis*.

The record before us indicates that on November 14, 1961, appellant entered a plea of guilty to a charge of violating section 11500 of the Health and Safety Code. The information also alleged that appellant previously had been convicted of violating section 11500 of the Health and Safety Code on March 23 and June 16, 1954. At the time appellant's plea of guilty to the principal charge was received, it was stipulated by the district attorney and appellant and his counsel that no finding need be made on the alleged previous offenses until the time of sentencing.

On December 11, 1961, at appellant's probation and sentence hearing, the trial court expressed its doubt as to whether appellant would be deemed eligible for the narcotic rehabilitation program because of his status as a parolee but agreed to make no findings on the alleged previous convictions until after appellant had been referred to department 95 for determination of his eligibility in accordance with sections 6451, 6452 of the Penal Code (now Welf. & Inst. Code, §§ 3051, 3052).

It appears from the record before us that appellant was found to be ineligible for treatment and was returned to the trial court solely by reason of his status as a parolee although no order revoking his parole had then been made.

On December 18, 1961, after appellant's return, the probation and sentence hearing was resumed. The trial court then stated: "Well, that part of it is taken care of, then. We can't do anything about it." Only thereafter did the trial court state that it had read and considered the probation officer's report and based thereon determined that appellant had suffered two previous convictions as alleged. The court stated that "this man has a narcotic problem" and imposed sentence as required by law.

On April 20, 1965, appellant filed his present petition for *coram nobis* relief relying largely upon the then pending case subsequently decided by our Supreme Court on May 3, 1966, in *In re Rascon*, 64 Cal.2d 523 [50 Cal.Rptr. 790, 413 P.2d 678]. Appellant's petition was denied without a formal hearing on May 13, 1965, and the present appeal is taken therefrom. ▮ The law is now settled that a parolee may not be denied the opportunity for treatment solely by reason of his parole status. (*In re Rascon, supra,* p. 527; *People* v. *Rummel,* 64 Cal.2d 515-517 [50 Cal.Rptr. 785, 413 P.2d 673]; *In re Swearingen,* 64 Cal.2d 519, 521-522 [50 Cal.Rptr. 787, 413 P.2d 675].)

Respondent's brief, filed before the Supreme Court decisions cited *supra*, suggests that *coram nobis* is not the appropriate remedy for correcting the error committed herein. While this might well be true from a strict and technical application of the rule regulating the use of this particular extraordinary writ, exactly this method was used by the trial court in *In re Rascon, supra*, 64 Cal.2d at pp. 524 et seq., so that tacitly at least its employment has been approved by our highest court. In any event, no purpose would be served by our upholding the denial of the appellant's present petition on this formal ground for the Supreme Court would then be constrained to treat the present appeal as a petition for writ of habeas corpus filed in that court (*People* v. *Rummel, supra*, 64 Cal.2d at p. 516) with an equivalent result being reached.

■ Respondent also suggests that appellant's record of criminality might have been such that he would not have been found eligible for treatment quite apart from his status as a parolee. This may well be true but it is clear that appellant's rejection was not based on this ground and such considerations are appropriately left to the trial courts and the authorities administering the rehabilitation program (*In re Rascon, supra*. 64 Cal.2d at p. 528) rather than this appellate court.

■ It is equally clear, of course, that even if we were to assume that the two essentially contemporaneous ''prior'' convictions alleged against appellant were such as to convert the present principal conviction into a third conviction within the meaning and intent of section 11500 of the Health and Safety Code,[1] such ''prior'' convictions would not have

[1]If the offense that formed the basis of appellant's June 16, 1954, conviction occurred prior to his March 23, 1954, conviction, it would not constitute a second conviction under established California law. (*People* v. *McGee*, 1 Cal.2d 611, 614 [36 P.2d 378]; *In re Tung Fong*, 59 Cal. App. 499, 502-503 [211 P. 32].) Although not passed upon as yet by any California appellate court, it would appear that logically, and in accord with the spirit and purpose of the statutes increasing punishment for individuals who have failed to reform after being given one or more chances so to do, a conviction that is not a second should not serve to make a subsequent offense a third. As expressed in American Law Reports annotations to the case of *Dye* v. *Skeen*, 135 W.Va. 90 [62 S.E.2d 681, 24 A.L.R.2d 1234, pp. 1248-1249]:

''But, regardless of the difference in phraseology [of the various state statutes], the preponderance of authority supports the view that the prior convictions, in order to be available for imposition of increased punishment of one as a habitual offender, must precede the commission of the principal offense, that is, the latest prosecution in point of time. In this connection, it has been brought out in numerous cases that, although differing somewhat in language, the same principle is inherent in a habitual criminal statute, namely, that the legislature in enacting such a statute intended it to serve as a warning to first offenders and to afford them an

served to prevent appellant's acceptance into the narcotic rehabilitation program prior to any finding having been made thereon. (Cf. *People* v. *Ibarra,* 60 Cal.2d 460, 467-468 [34 Cal.Rptr. 863, 386 P.2d 487].)

Since the criminal proceedings were suspended and no finding had been made on appellant's alleged "prior convictions" at the time he was declared ineligible for the narcotic program, the potential problems created by section 11718 of the Health and Safety Code did not exist.[2] (Cf. *People* v. *Sidener,* 58 Cal.2d 645, 650 et seq. [25 Cal.Rptr. 697, 375 P.2d 641].)

Further, since the district attorney did not object to appellant's referral for consideration of his eligibility for treatment prior to findings being made on his alleged "priors," it would appear reasonable to assume that no objection based on section 11718 would have been tendered in any event. As stated in *People* v. *Ibarra, supra,* 60 Cal.2d 460, 467, "We are not persuaded that district attorneys otherwise inclined to dismiss prior convictions will refrain from so doing to render defendants ineligible for the rehabilitation program."

However, although the record before us fails to disclose the

opportunity to reform, and *that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists* in violations of the law after conviction of previous infractions.

"Consonant with this theory as to the purpose of the law, and as a natural corollary of the view previously stated, it has been held in the great majority of cases that two or more convictions on the same day, or on different counts under the same indictment, or convictions at the same term of court cannot be cumulated so as to count as two or more previous convictions within the meaning of habitual criminal statutes, although, as specifically held in some cases, one of such convictions may be counted as a prior conviction within the meaning of the statute." (Italics added.) (See also, 24B C.J.S., Criminal Law, § 1960(5) b., pp. 466-469, and cases cited therein.)

Although *improper sentences resulting from erroneous determinations on charges of prior convictions may be attacked collaterally* (*In re McVickers,* 29 Cal.2d 264, 270, 281 [176 P.2d 40]; *In re Seeley,* 29 Cal. 2d 294, 299 [176 P.2d 24]; *In re Wolfson,* 30 Cal.2d 20, 33 [180 P.2d 326]; *In re Pearson,* 30 Cal.2d 871, 874 [186 P.2d 401]. Cf. also, *In re Ward,* 64 Cal.2d 672, 675 [51 Cal.Rptr. 272, 414 P.2d 400]), such attack is not before us in this appeal and if a question on this point exists in the instant case, its proper resolution may be appropriately left to the trial court upon the remand here made.

[2]Section 11718 of the Health and Safety Code reads as follows: "In any criminal proceeding for violation of any provision of this division no allegation of fact which, if admitted or found to be true, would change the penalty for the offense charged from what the penalty would be if such fact were not alleged and admitted or proved to be true may be dismissed by the court or stricken from the accusatory pleading except upon motion of the district attorney."

present status of appellant's parole, it would appear certain that an order revoking his parole has been made. ▮ In a case such as the present one, the Adult Authority has the right to exercise its own discretion whether to revoke or suspend parole or to permit the parolee to be committed by the trial court to the rehabilitation center. (*People* v. *Rummel, supra,* 64 Cal.2d at p. 518; *In re Swearingen, supra,* 64 Cal.2d at p. 522.)

It is perhaps not possible to ascertain what disposition of appellant's parole might have been made by the Adult Authority absent the imposition of the prison sentence in this case. In any event, however, it is possible that appellant now has served any time that remained unserved on his prior sentences after revocation of his parole. In addition, since it is also possible that appellant's present sentence carries a minimum term of 15 years (Health & Saf. Code, § 11500 and fn. 1 *ante*), it appears unquestionable that a proper determination of his eligibility for the narcotic treatment program is still of vital interest both to him and to fulfillment of the social purpose of the program.

The order under review is therefore reversed with instructions to the trial court to set aside the judgment entered herein for the sole purpose of determining appellant's present prison and parole status, and, if he should prove otherwise eligible, the suitability of his being accorded the benefits of the narcotic rehabilitation program.

Roth, P. J., and Fleming, J., concurred.