COUGHLIN, J.
 

 Defendant was convicted of two counts of selling marijuana, viz., violations of Health and Safety Code, section 11531; admitted two prior felony convictions for illegal possession of marijuana; was found to be a narcotics addict within the meaning of Welfare and Institutions Code, section 3051; was committed to the California Rehabilitation Center for treatment; subsequently was rejected by the Director of Corrections, acting through the superintendent of the center, Eor “extensive criminality”; was sentenced to imprisonment in the state prison; and appeals.
 

 Contentions on appeal are: (1) The evidence is insufficient to support the verdict; (2) the court erred in admitting evidence of defendant’s prior convictions as a part of the prosecution’s case in chief; (3) the court erred in failing to instruct on the issue of entrapment; and (4) the California Rehabilitation Center abused its discretion in rejecting defendant as a patient.
 

 A special deputy sheriff of the County of San Diego testified that on June 18, 1966, and July 2, 1966, defendant sold him marijuana which he, in turn, delivered to a deputy sheriff for analysis. The analysis confirmed his belief the substance purchased was marijuana. This testimony, under the circumstances of the case, is sufficient to support the convictions. Defendant’s contention to the contrary is directed to a con
 
 *125
 
 sideration of the weight of the evidence rather than its sufficiency in disregard of the controlling rule on appeal. (See
 
 People
 
 v.
 
 Newland,
 
 15 Cal.2d 678, 681 [104 P.2d 778].)
 

 Certified copies of defendant’s prior convictions were admitted in evidence over objection as part of the prosecution’s ease in chief. Forthwith, the court admonished the jury evidence of the prior convictions was admitted only for such bearing as it might have on the issue whether defendant “had knowledge of what marijuana is, and its narcotic character, because that’s an element of the proof of the sale of marijuana, that one must know what he is selling.” Directly in point and supporting the ruling is the decision in
 
 People
 
 v.
 
 Leyva,
 
 187 Cal.App.2d 249, 254 [9 Cal.Rptr. 469]. (In accord see
 
 People
 
 v.
 
 Posada,
 
 198 Cal.App.2d 535, 540 [17 Cal.Rptr. 858];
 
 People
 
 v.
 
 Horn,
 
 187 Cal.App.2d 68, 75 [9 Cal.Rptr. 578].) Furthermore, any error in the premises was not prejudicial as defendant became a witness in the case; denied any participation in the sales with which he was charged; and on cross-examination admitted his conviction of the two prior felonies.
 
 (People
 
 v.
 
 Lugo,
 
 220 Cal.App.2d 54, 60 [33 Cal.Rptr. 572].)
 

 Defendant and witnesses called by him, testified to facts supporting an alibi defense. The prosecution’s case in chief supplied evidence material to the defense of entrapment. After all parties rested, counsel for defendant and the court engaged in a discussion respecting the advisability of giving instructions upon the issue of entrapment which culminated in a request by the former that such instructions not be given. The court granted the request and acted accordingly. This was a tactical maneuver by the defense amounting to a withdrawal of the issue of entrapment. On appeal, defendant contends the court should have given the entrapment instructions on its own motion; the request to omit such by defendant’s counsel was not effective because not expressly approved by defendant; and failure to give the instructions was error. There is no merit to this contention. Counsel was authorized to conduct the defense in the way he believed to be for the best interest of his client. His authority to withdraw from jury consideration the defense of entrapment was not dependent upon defendant’s personally expressed approval. Even assuming error, it was invited by defendant and he may not take advantage thereof on appeal.
 
 (People
 
 v.
 
 Phillips,
 
 64 Cal.2d 574, 580, fn. 4 [51 Cal.Rptr. 225, 414 P.2d 353];
 
 People
 
 v.
 
 Jones, 232
 
 Cal.App.2d 379, 390 [42 Cal.Rptr. 714].)
 

 
 *126
 
 When defendant was returned from the rehabilitation center upon rejection by the superintendent, he and his counsel were personally present and participated in proceedings incident to pronouncement of judgment. At this time defense counsel contended the superintendent abused his discretion in rejecting defendant.
 
 The
 
 report from the rehabilitation center indicated the reason for rejection was defendant’s criminal record and referred to a prior sale of marijuana. The prior convictions were for possession and not for sale. Counsel claimed the decision of the superintendent was based on misinformation respecting the prior offenses and urged the court to reject it upon this ground. Following an extended discussion between the trial judge and counsel, in which each expressed his views respecting pertinent subjects, including the authority of the trial judge to review the decision of the superintendent, the court remanded the matter to the rehabilitation center for further consideration and clarification, and ordered a transcript of the foregoing proceedings and a copy of the probation officer’s report respecting the circumstances attendant upon the prior conviction should accompany the remand. In due course the superintendent responded; reiterated rejection of defendant; and reported the reason for rejection was the latter’s excessive criminality.
 
 [1]
 
 Welfare and Institutions Code, section 3053 provides for the return of a person committed to the rehabilitation center ‘ ‘ to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted” in the event the Director of Corrections concludes the person in question, because of “excessive criminality,” is not a fit subject for confinement or treatment in the center.
 

 Following receipt of the second report further proceedings preliminary to pronouncement of judgment were conducted during which defense counsel again urged the superintendent abused his discretion in rejecting defendant and in concluding the latter’s criminal record established “excessive crimi
 
 *127
 
 nality. ’ ’ Although again expressing doubt he had authority to review the decision of the superintendent, the trial judge, nevertheless, assumed he had such authority and determined the superintendent did not abuse his discretion in concluding defendant was not a fit subject for the rehabilitation center because of his excessive criminality.
 

 When the Director of Corrections rejects a person committed to the rehabilitation center under the authority conferred by Welfare and Institutions Code, section 3053, the trial court has authority to review his action for the purpose of determining whether or not the rejection constituted an abuse of discretion; upon request by the defendant must undertake such a review and conduct a hearing; in reviewing the decision may rely upon the record and information furnished by the director, as well as other pertinent evidence; and, in the event it determines there was an abuse of discretion, should require the director to reconsider his decision or should return the defendant to the rehabilitation center for execution of its original commitment order.
 
 (People
 
 v.
 
 Hannagan,
 
 248 Cal.App.2d 107, 114 [56 Cal.Rptr. 429];
 
 People
 
 v.
 
 Berry,
 
 247 Cal.App.2d 846, 850 [56 Cal.Rptr. 123];
 
 People
 
 v.
 
 Pate,
 
 234 Cal.App.2d 273, 274 [44 Cal.Rptr. 462].)
 

 In the case at bench, defendant contends “no hearing was held and no evidence was presented, to give him an opportunity to convince the trial court that there had been an abuse of discretion on the part of the Center”; and “the record before the trial court, and on this appeal, show that there was in fact an abuse of discretion.
 
 ’
 
 ’ As heretofore noted, the trial court actually passed upon the issue whether the director had abused his discretion in rejecting defendant. A hearing was held upon the matter. Defendant’s sole contention was that the record before the court demonstrated the action of the director constituted an abuse of discretion. He did not request permission to produce evidence, or make an offer of proof.
 
 [2]
 
 The extent and nature of the criminal offenses committed by a person placed in the rehabilitation center justifying the conclusion he is not a fit subject for the rehabilitation program because of excessive criminality, are matters for the director to decide in the exercise of the discretion vested in him. The decision of the director under the circumstances of the case at
 
 *128
 
 bench did not constitute an abuse of discretion. The conclusion of the trial court that no abuse of discretion was shown was not error. Defendant’s contention to the contrary is without merit.
 

 The judgment is affirmed.
 

 Brown (Gerald), P. J., and Whelan, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied December 13, 1967.
 

 [1]
 

 Pertinent parts of the report are as follows: “In reviewing the entire case history, including our evaluations during Subject’s initial confinement at the California Behabilitation Center, it is our evaluation that Mr. Montgomery is unsuitable for the Civil Addict Program. The conviction of Possession of Marijuana, Health and Safety Code Section 11530, in 1962, and the instant crime of Selling Marijuana result in an evaluation of chronic and extensive criminality. Our conclusion is pursuant to Welfare and Institutions Code Section 3053 and to the policy statement of the Director of Corrections dated September 6, 1966, which states that the California Behabilitation Center is not an appropriate disposition for persons involved in extensive criminality, their narcotic addiction notwithstanding. ’ ’
 

 [2]
 

 It is noteworthy that during the proceedings following the first rejection the court advised defense counsel if the latter so desired he might call the authorities at the rehabilitation center as witnesses, and examine them respecting the conclusion reached, but none were called.