[Crim. No. 3512.    Fourth Dist., Div. One.    Feb. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. LARRY JOE BROTHERS, Defendant and Appellant.

Wesley H. Mathews, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—On April 28, 1967, defendant, then on parole from state prison, pleaded guilty to a charge of possession of heroin and admitted having suffered a prior conviction of possession of a narcotic in violation of section 11500, Health and Safety Code.

On May 17, 1967, after appropriate proceedings, defendant was ordered committed to the California Rehabilitation Center (CRC).

Under date of August 11, 1967, the superintendent of CRC wrote the superior court that he had determined defendant was not a suitable candidate for treatment in CRC because of "extensive and chronic criminality and a diagnosis of inability or unwillingness to profit significantly from repeated exposure to therapy and rehabilitative programs."

In support of the finding, the superintendent recited that the criminal history included a conviction of strong-armed robbery in which the victims were seriously beaten.

The letter stated also that defendant's parole had been revoked by the Adult Authority on August 8, 1967, and defendant was being returned to a regular facility of the Department of Corrections.

Having been ordered returned to the superior court for further proceedings on the criminal charge, the superior court, on September 14, 1967, ordered defendant returned to CRC.

However, because of the revocation of parole, defendant found his way into a facility of the Department of Corrections other than CRC.

Thereafter defendant filed with the Superior Court of San Diego County a petition for writ of habeas corpus and appeared before the court on January 4, 1968.

By stipulation a hearing then had was one for pronouncement of judgment, unless in the habeas corpus hearing legal cause should appear why judgment should not be pronounced. Defendant waived formal arraignment for judgment.

The court then heard the evidence presented in support of the petition for writ of habeas corpus. Wood, the superintendent of, and West, defendant's correctional counselor at, CRC, testified. West, with most personal contact with defendant, had favored defendant's retention in the program at CRC. Wood explained the procedures used at CRC for evaluating persons committed by the courts to CRC. A man committed there who was on parole from a penal commitment to the director of corrections was known as a dual commitment;

about 26 percent of such persons were retained in the program whose paroles had not been revoked by the Adult Authority; others were recommended by the superintendent of CRC to be retained, but notwithstanding such recommendation the Adult Authority revoked their parole; in other instances the superintendent of CRC had found such persons unacceptable; but the Adult Authority had not revoked parole and had allowed the parolee to be at large in the community.

It was the practice for CRC to advise the director of corrections of its decision to retain or reject before it notified the court of such decision.

At the conclusion of the testimony on January 4, the matter was continued to January 25, when Wood was to be examined further. However, defendant's next appearance before the superior court was on February 15, when there was discussion disclosing that after January 4 the superintendent of CRC had reconsidered the matter of continuing defendant in the program at CRC and had decided to retain him; that the Adult Authority also had reviewed but reaffirmed its action in revoking defendant's parole.

Thereupon the court imposed a sentence to run concurrently with that in the matter in which defendant had been on parole.

The trial court certified defendant's request for appeal.

#### STATED GROUNDS OF APPEAL

Defendant states his contention as follows:

"THE SUPERINTENDENT OF THE CALIFORNIA REHABILITATION CENTER ABUSED HIS DISCRETION IN REFUSING TO ACCEPT THE APPELLANT IN THE CALIFORNIA REHABILITATION CENTER PROGRAM."

To the People's rejoinder that on reconsideration CRC had decided to retain defendant, but could not do so in the face of the parole revocation, defendant states that he should nevertheless be committed to CRC by the superior court.

He argues that if CRC had not improperly rejected defendant in the first instance, his parole would not have been revoked.

Defendant's assertion that the trial judge, on September 14, 1967, advised him the judge had found that the superintendent of CRC had abused his discretion in refusing to accept defendant is unsupported by anything in the record, except the fact that a minute order was made on that date committing defendant to CRC.

## DISCUSSION

Whether the CRC in the first instance failed to exercise, or was guilty of an abuse of, discretion does not appear from anything in the record on September 14, 1967. The letter of August 11, 1967 sets out matters that would have afforded reasonable grounds for the superintendent to exercise his discretion against retention of defendant. (*People* v. *Montgomery,* 255 Cal.App.2d 127 [62 Cal.Rptr. 895].)

So far as appears from testimony taken in the habeas corpus proceeding, the failure of the superintendent to follow the recommendation of West was merely the balancing of that recommendation against other factors in defendant's record. No finding was made in the court below as to the effect of that testimony.

No sinister implication need be drawn from the fact that CRC communicates to the Adult Authority its decision to reject a parolee from the CRC program.

Such information undoubtedly would be relevant in a hearing for revocation of parole. It would merely be engaging in speculation as to the priority of chicken over egg to seek to find that parole has been revoked because CRC has rejected the parolee solely because of an anticipated revocation of parole.

Despite the subsequent reconsideration of CRC and its decision to accept defendant, the Adult Authority reaffirmed its action in revoking defendant's parole.

In the face of that revocation of parole, a commitment to the CRC would have been unavailing. (*In re Teran,* 65 Cal.2d 523 [55 Cal.Rptr. 259, 421 P.2d 107].)

The power of the Adult Authority to revoke a parole is in no way diminished by reason of the eligibility of the parolee to the program of rehabilitation of those addicted to narcotics. (*People* v. *Rummel,* 64 Cal.2d 515 [50 Cal.Rptr. 785, 413 P.2d 673]; *In re Swearingen,* 64 Cal.2d 519 [50 Cal.Rptr. 787, 413 P.2d 675].)

At the time judgment was pronounced, defendant's parole had been revoked so that the imposition of sentence was proper, notwithstanding the earlier order of commitment to CRC. (*People* v. *Ballin,* 66 Cal.2d 80, 82 [56 Cal.Rptr. 893, 424 P.2d 333].)

There remain two contentions presented by defendant in oral argument, with which we now deal.

There has not been any denial to defendant either of due

process or of equal protection of the laws under the Fourteenth Amendment to the federal Constitution.

The proceedings taken have not resulted in cruel and unusual punishment in violation of the Eighth Amendment to the federal Constitution.

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 23, 1969.