[Crim. No. 18116. Second Dist., Div. Four. Feb. 23, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD EDWARD HARRIS, Defendant and Appellant.

## COUNSEL

Donald Edward Harris, in pro. per., and Philip J. Catanzaro, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant was charged with possession of heroin in violation of section 11500 of the Health and Safety Code; three prior felony convictions were also alleged. Defendant pled not guilty and denied the priors. A motion to suppress evidence under section 1538.5 of the Penal Code was made and denied. On motion of the People, two of the alleged priors were stricken. After a trial by jury, he was found guilty as charged, the jury finding the remaining prior to be true. A motion for a new trial was made and denied.

Proceedings were instituted under the Narcotic Rehabilitation Act but defendant was rejected by the director because his parole on an earlier conviction had been revoked.[1] The criminal case was resumed and defendant was sentenced to state prison, the sentence to run concurrently with any other sentence then in effect. He has appealed; we affirm the judgment.[2]

## I

 It is contended that the trial court erroneously denied defendant the right of self-representation. Defendant opened the matter by seeking the discharge of the duly appointed public defender because of a disagreement over the way the case should be handled. That request was properly denied. (*People* v. *Vaughn* (1969) 71 Cal.2d 406 [78 Cal.Rptr. 186, 455 P.2d 122].) Defendant then sought to represent himself. After a brief colloquy, the court denied the request, finding that defendant was not competent to

---

[1]Although defendant objected in the trial court to his rejection by the director, no contention in that regard is made here. That *In re Teran* (1966) 65 Cal.2d 523 [55 Cal.Rptr. 259, 421 P.2d 107], compelled the director's action, was admitted; the argument below was that, since his earlier sentence would expire prior to the expiration of any sentence on the present offense, the court should direct a CRC commitment once the earlier sentence was fully served. The statute makes no provision for that kind of *in futuro* commitment.

[2]The notice of appeal is "from the judgment; and any and all orders substantially effecting [*sic*] his rights." The appeal from the orders is dismissed; any errors in the orders involved can be raised on the appeal from the judgment.

represent himself. On the record before us, we cannot say that the trial court, with defendant before it, abused its discretion in so holding. (*People* v. *Armstrong* (1969) 274 Cal.App.2d 297 [79 Cal.Rptr. 223], and cases there cited.)

## II

■ Defendant contends that the evidence against him was unlawfully obtained and therefore that his motion under section 1538.5 should have been granted. We do not agree.

The evidence for the People was that police officers, on routine patrol through an area noted for a high rate of both narcotic and other offenses, saw a man walking very fast or running down an alley and across a street. They maneuvered their car so that its lights fell on defendant, who was seen to throw away a handkerchief. While one officer stopped defendant and frisked him, the other officer retrieved the handkerchief, which contained 24 balloons; later analysis showed that the balloons contained heroin.

Clearly the officers were entitled to stop and question defendant; the handkerchief and its contents, abandoned by him, were not the subject of any "search"; since the action of the officers in turning their lights on defendant was lawful, it cannot be argued that they had illegally compelled or impelled him to disclose the fatal evidence. Whether or not the officers had a right to search defendant's person, either before or after discovering the balloons, is immaterial; no evidence (if any) obtained by that search was introduced at the trial.

## III

■ Defendant objects to the failure to give certain instructions requested by him. With the possible exception of one request (hereinafter considered) all the requested instructions were fully covered by the instructions given.

## IV

The expert testimony was to the effect that the balloons contained a substance which was in part heroin. Three balloons contained 1.4 grams of heroin; the expert did not test for, and did not testify as to, the purity of the substance, although it admittedly was adulterated. Under these circumstances, defendant requested an instruction as follows: "The prosecution has the burden of proving beyond a reasonable doubt that the substance in evidence was not only a narcotic but that it was usable as such either for sale or consumption." In support of that request, defendant relies on *People* v. *Leal* (1966) 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665],

as interpreted in *People* v. *Johnson* (1970) 5 Cal.App.3d 844 [85 Cal. Rptr. 238]. However, in the case at bench, the trial court did instruct the jury that "Every person who possesses any narcotic such as heroin, *in an amount sufficient to be used as a narcotic,* is guilty of a crime. . . ." (Italics added.) The holding in *Johnson* was based on the fact that, in that case, the phrase which we have emphasized above had been deleted. With that phrase included we think that the instruction, coupled as it was with the standard instruction on reasonable doubt, adequately covered the defense theory.[3]

## V

■ The prior conviction relied on herein was for a violation of then section 11502 (now § 11503) of the Health and Safety Code—agreeing to sell or deliver a narcotic and actually delivering a non-narcotic. Defendant argues that the pleading and finding as to that conviction will result in an increased penalty being imposed on him under the second paragraph of section 11500, as being a prior conviction for "a felony offense described in this division." He argues that the result is illegal because the offense described in section 11503 was "preempted" by the "bunco" offense covered by section 487 of the Penal Code.

We note that there exists an unresolved conflict between two of our brother divisions in this district on the question of whether a person must intend to deliver a non-narcotic in order to violate section 11503.[4] We need not here attempt to referee that dispute since, even assuming that section 11503 requires proof of an intent to cheat, it—and not the Penal Code section—is the "special" statute within the meaning of the rule on which defendant relies. As the committee report, quoted in *People* v. *Northern* (1967) *supra,* 256 Cal.App.2d 28, 33-34 [64 Cal.Rptr. 15], makes clear, the Legislature felt the need for a special felony sanction to cover the cases in which a buyer, expecting to receive a narcotic, received something else. The reason for singling out this kind of transaction from ordinary cheats is obvious when we look at the many cases that come before us wherein a disappointed buyer of narcotics, with no civil remedy available either for fraud or for failure of consideration, has resorted to self-help—usually in the form of assault or of homicide—to redress his frustration. It follows that, as Judge Barnes held in *Haserot* v. *United States* (9th Cir.

---

[3]We note that CALJIC (3d) 12.00 contains a more specific statement of the *Leal* doctrine; but we do not regard the earlier version as being necessarily erroneous.

[4]In *People* v. *Northern* (1967) 256 Cal.App.2d 28 [64 Cal.Rptr. 15], Division Five held that the section did not require proof of an intent to cheat; in *People* v. *Sweet* (1967) 257 Cal.App.2d 167 [65 Cal.Rptr. 31], Division Two held (one Justice dissenting) that proof of an intent to cheat was required. In both cases, hearing in the Supreme Court was sought and denied.

1963) 321 F.2d 582, 583, section 11503 is a narcotic offense, properly included in division 10 of the Health and Safety Code, whether or not it punishes a cheat.

## VI

 In his propria persona brief, defendant argues that, because he is an addict, it is unconstitutional to punish him for any narcotic violation. *Robinson* v. *California* (1962) 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417], on which he relies, nowhere supports that proposition.

## VII

Although, as we have indicated above, two of the three priors originally alleged were stricken on the People's motion, the judgment as entered erroneously recites all three priors as having been found to be true. The Attorney General concedes that modification of the judgment to correct the error is required; we so direct.

The purported appeal from sundry orders is dismissed; the judgment is modified by deleting all of the reference therein to alleged prior convictions and substituting in place thereof the following: "one prior conviction having been found true, as alleged, to wit: Violation of section 11502, Health & Safety Code, a felony, Superior Court of the State of California, Los Angeles County, November 28, 1958"; as so modified, the judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1971.