Robert **HAYWARD**, Plaintiff-
Appellant,

v.

Walter T. **STONE**, Superintendent,
Defendant-Appellee.

No. 72–2299.

United States Court of Appeals,
Ninth Circuit.

May 9, 1974.

Emil Roy Eisenhardt, Farella, Braun & Martel, San Francisco, Cal., for plaintiff-appellant.

John T. Murphy, Michael Buzzell, Deputy Attys. Gen., Evelle J. Younger, California Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and JAMESON,* District Judge.

## OPINION

DUNIWAY, Circuit Judge:

Hayward appeals from the dismissal of his petition for a writ of habeas cor-

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

pus. The district court held that Hayward had failed to exhaust his state remedies as required by 28 U.S.C. § 2254. We reverse.

Hayward was convicted in California Superior Court of robbery with great bodily injury. His conviction was affirmed on appeal by the California Court of Appeal and his petition for a hearing in the California Supreme Court was denied. Next, his petition for a writ of habeas corpus was denied by the California Supreme Court. Hayward then submitted an application to recall the remittitur to the California Court of Appeal that had decided his appeal. This was denied, as was a petition for a rehearing. Hayward petitioned the California Supreme Court for a hearing on the denial of his application to recall the remittitur, which was also denied. Hayward next filed a petition for a writ of habeas corpus with the California Supreme Court which was denied without opinion.

Finally, Hayward turned to the district court and filed a petition for a writ of habeas corpus there. The court denied the petition, holding that Hayward had not exhausted his state remedies. However, the district judge granted a certificate of probable cause to appeal because he was of the view that a "higher authority" should decide whether an application to recall the remittitur could serve to exhaust state remedies. In substance, Hayward's application to recall the remittitur asserted that he had been denied his constitutional right to adequate and effective representation by counsel on appeal. We express no opinion on the merit of his claim.

■ It is well settled that the exhaustion doctrine does not require petitioners to file "repetitious applications" in the state courts. Wilwording v.

Swenson, 1971, 404 U.S. 249, 250, 92 S. Ct. 407, 30 L.Ed.2d 418; Brown v. Allen, 1953, 344 U.S. 443, 449, n.3, 73 S.Ct. 397, 97 L.Ed. 469. All that is required is that the federal claim be presented once on its merits, to and passed upon by the state courts. Picard v. Connor, 1971, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438; Roberts v. LaVallee, 1967, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41. The question of first impression before us is: Did Hayward fairly present his federal claim to the state courts in his applications to recall the remittitur, thereby exhausting his state remedies?

An application to recall the remittitur is a unique California post-conviction remedy whereby the petitioner asks the Court of Appeal or Supreme Court to reassert its jurisdiction over a case after it has relinquished that jurisdiction by issuing a remittitur following the final determination of the appeal. California Rules of Court, Rule 25(d); [1] B. Witkin, California Criminal Procedure, § 735 at 704 (1963). Though traditionally the use of an application to recall the remittitur has been limited (see People v. Mutch, 1971, 4 Cal.3d 389, 93 Cal.Rptr. 721, 482 P.2d 633, 640, 641 (concurring and dissenting opinion of Justice Sullivan); In re Martin, 1962, 58 Cal.2d 133, 23 Cal.Rptr. 167, 373 P.2d 103, 106), "its scope has been so broadened in recent years that the motion to recall serves functions similar to those of certiorari and habeas corpus in the field of post-conviction review." B. Witkin, *supra,* at 704.

Recently the California Supreme Court held that "[t]he remedy of recall of the remittitur may then be deemed an adjunct to the writ, and will be granted when appropriate to implement the defendant's right to habeas corpus." Peo-

---

1. Rule 25(d), California Rules of Court, provides:

(d) "A remittitur may be recalled by order of the reviewing court on its own motion, on motion or petition after notice supported by affidavits, or on stipulation setting forth facts which would justify the granting of a motion." West, California Rules of Court (1974) page 33.

In this opinion we refer to the motion or petition as an application, the label used by Hayward.

ple v. Mutch, *supra,* 93 Cal.Rptr. at 725, 482 P.2d at 637. The application to recall the remittitur has thus attained "independent vitality" as a post-conviction remedy in certain circumscribed situations "*even though . . . the writ of habeas corpus is available to perform the same function.*" *Id.* (emphasis in original). For example, by either a writ of habeas corpus or an application to recall the remittitur, the petitioner can raise the claim that he was convicted under a statute which did not prohibit his conduct. *Id.*; In re Crumpton, 1973, 9 Cal.3d 463, 106 Cal.Rptr. 770, 507 P.2d 74. And, in People v. Rhoden, 1972, 6 Cal.3d 519, 99 Cal.Rptr. 751, 492 P.2d 1143, on an application to recall the remittitur, the California Supreme Court held that the petitioner was denied his right to effective counsel on appeal. *See also* In re Smith, 1970, 3 Cal.3d 192, 203, 90 Cal.Rptr. 1, 8, 474 P.2d 969, 976, where the petitioner was allowed to raise the issue of ineffective counsel on appeal and "the petition for habeas corpus [was treated] as an application to recall the remittitur." The California Supreme Court may also treat an application to recall the remittitur as a petition for a writ of habeas corpus; People v. Rummel, 1966, 64 Cal.2d 515, 50 Cal. Rptr. 785, 413 P.2d 673; or a petition for a writ of habeas corpus as an application to recall the remittitur, In re Smith, *supra.*

■ In his application to recall the remittitur, Hayward claimed that he was denied effective aid of counsel on appeal. He raised the same issue in his petition for a rehearing, his petition for a hearing in the California Supreme Court and in his petition for a writ of habeas corpus before the federal district court. There appears to be no question that the application to recall the remittitur may be used to bring this issue before the California Appellate and Supreme Courts. People v. Rhoden, *supra;* In re Smith, *supra.* Hayward has therefore fairly presented his federal claim to the state courts (see Picard v. Connor,

*supra)* and he "has met the requirements of the exhaustion rule, inasmuch as no direct appeal is presently available to him, and he has taken his claim for post-conviction relief to the highest state court." Humphrey v. Cady, 405 U.S. 504, 516, 92 S.Ct. 1048, 1055–1056, 31 L.Ed.2d 394.

■ By this holding we do not imply that a petitioner has exhausted his state remedies every time that the California Supreme Court denies without opinion an application to recall the remittitur or a petition for a hearing to review a denial of an application to recall the remittitur, thereby putting the recall of the remittitur remedy on a par with habeas corpus. The contrary is closer to the truth. The application to recall the remittitur is the correct procedure only in cases in which the appropriate remedy is the reinstatement of the appeal (e. g., where counsel or effective counsel was denied on appeal). When the petitioner employs an application to recall the remittitur in appropriate circumstances (see, e. g., People v. Mutch, *supra;* In re Martin, *supra;* B. Witkin, *supra)* then a denial of the application, followed by a denial of a petition for hearing by the California Supreme Court, exhausts an appropriate state court remedy, unless the California court expressly or by an appropriate citation indicates that the denial is on procedural grounds. In all other circumstances, a denial without opinion of an application to recall the remittitur would be a denial on the procedural ground that the incorrect remedy was sought and the exhaustion requirement would not be met. Daniels v. Nelson, 9 Cir., 1972, 453 F.2d 340, 342.

■ Here, the application to recall the remittitur was an appropriate remedy. We therefore need not consider, in this case, the effect of the denial by the California Supreme Court of Hayward's petition for a writ of habeas corpus. Hayward cannot be charged with failing to exhaust a state remedy that he was not required to pursue in the first place.

Roberts v. Lavallee, *supra*; *cf*. Pope v. Harper, 9 Cir., 1969, 407 F.2d 1303, 1305.

Reversed and remanded for further proceedings consistent with the views expressed in this opinion.