[Crim. No. 11565. Second Dist., Div. Four. Sept. 6, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. FREDERICK WILLIAM SUNDERMAN, Defendant and Appellant.

Byron Y. Appleton, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Harvey D. Unrot, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant entered a plea of guilty to a charge of robbery in the first degree. Following a waiver of the provisions of section 6452 of the Penal Code (now Welf. & Inst. Code, § 3052), proceedings were instituted under section 6451 of the Penal Code (now Welf. & Inst. Code, § 3051), and defendant was found to be a narcotic addict and was committed to the California Rehabilitation Center. He arrived at the center on May 7, 1965. He was then on parole for a 1955 burglary conviction. In a letter to the court dated July 15, 1965, the superintendent of the rehabilitation center, under the authority of Penal Code section 6453 (now Welf. & Inst. Code, § 3053), certified that defendant was not a fit subject for confinement or treatment there. The letter further stated that, after a diagnosis and study by the center's staff, on June 21, 1965, defendant appeared before the Adult Authority; after considering the recommendation of the superintendent (which apparently was that defendant's parole should be revoked), the Adult Authority decided to retain jurisdiction and ordered defendant back to state prison under his prior felony commitment. Upon receipt of this correspondence, the court dismissed its previous order committing defendant to the rehabilitation center and ordered defendant's return to court for further criminal proceedings. The court thereafter overruled defendant's objection to the certification made by the superintendent, holding that the latter had not abused his discretion; probation was denied and defendant was sentenced to state prison, the sentence being ordered to run concurrently

with the sentence he was then serving. Defendant appeals from the judgment entered.

We have augmented the record on appeal in this case by calling up the superior court file which includes both the letter from the superintendent rejecting defendant and the copy of the staff diagnosis and recommendation referred to in the letter. Our examination of these papers reveals that, unlike the situation in *People* v. *Ballin* ▮(Cal.App.) 53 Cal.Rptr. 331 (filed concurrently with this opinion), here the rejection of defendant from the rehabilitation program was not because the Adult Authority had revoked his parole on an earlier conviction, but because of his past record of criminality; for that reason the determination was made that he was a person not amenable to treatment in the program. Further, it is apparent that this determination was not based on tests and observations made at the institution but on defendant's history in penal institutions and on previous paroles from prison. Were it not for the time problem hereinafter discussed, we would find no error in the rejection nor in the resumption of jurisdiction in the criminal proceedings.

In *In re Swearingen*, 64 Cal.2d 519, 521 [50 Cal.Rptr. 787, 413 P.2d 675], it was held that the conclusion that a defendant is not a fit subject for rehabilitation may be reached (under the terms of former section 6453 of the Penal Code —now section 3053 of the Welfare and Institutions Code), only after the individual has been under observation at the rehabilitation center for a minimum of 60 days. However, the error in the rejection of the defendant in *Swearingen* was that the rejection was based on institutional observations and tests which had not proceeded for the full statutory period.

▮ In the case at bench we find that the conclusion that defendant would be rejected had been reached after only 45 days (on June 21, 1965, when upon the superintendent's recommendation defendant's parole was revoked), but that conclusion was based on defendant's criminal background; no amount of additional observation or testing for the additional 15 days could affect the judgment exercised. While the procedure followed by the superintendent was improper, it did not (as in *Swearingen*) deprive defendant of any opportunity to prove his fitness. In *Swearingen* and in *Ballin* a return of the defendants to the rehabilitation center (whenever the Adult Authority might make such return possible) might re-

sult in a conclusion, based on a proper observation for a proper period, that the defendants were fit subjects for treatment. But a return of this defendant could only result in the same facts as to his history being reconsidered after the formality of waiting 60 days to look at them. We conclude that the error here, under these facts, was not such as to make the rejection void. Consequently, the court in the criminal proceedings was revested with jurisdiction in the case and the sentence (not being open to any other attack) was valid.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.