[Crim. No. 11597.   Second Dist., Div. Two.   Sept. 20, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ALFONSO GALLEGOS, Defendant and Appellant.

Prosecution for illegal possession of heroin.  Judgment of conviction vacated with directions.

Gilbert F. Nelson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Mitchell S. Shapiro, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.      On March 2, 1965, appellant, a parolee, was found guilty by a jury of possession of narcotics in violation of section 11500 of the Health and Safety Code. Appellant admitted four prior felony convictions for possession of narcotics.

Criminal proceedings were suspended, and after proceedings were conducted pursuant to Penal Code, section 6451 (now Welf. & Inst. Code, § 3051),[1] on May 11, 1965, appellant was found to be an addict and ordered by the court to be committed to the California Rehabilitation Center for treatment.

Appellant was received at the Center on May 14, 1965. The diagnostic study, made while appellant was confined at the Center, is dated June 30, 1965. It concludes that "the aspects of control outweigh [appellant's] amenability as a treatment candidate." On July 2, 1965, an additional report was made by a correction counselor at the Center which concludes that "There is very little amenability present."

On July 19, 1965, appellant was sent to the Adult Authority with the results of the study for hearing on his parole violation. The Adult Authority revoked appellant's parole and retained jurisdiction. On July 27, the Superintendent of the C.R.C. certified appellant back to the superior court as unfit for treatment.[2]

On August 16, 1965, criminal proceedings were reinstated and appellant was sentenced to prison.

Section 6453 of the Penal Code (now Welf. & Inst. Code, § 3053) as amended in 1963 and in effect at the time petitioner was committed, provided in part: "If at any time after 60 days following receipt of a person at the facility, the Director of Corrections concludes that the person, because of excessive

---

[1]Section 6451 of the Penal Code provided in part: "Upon conviction of a defendant for any crime in any superior court, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and conduct proceedings to ascertain if such person is addicted to narcotics or in imminent danger thereof unless in the opinion of the judge the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section."

[2]The pertinent portion of the Superintendent's letter to the superior court reads:

"I hereby certify that Alfonso Gallegos is not a fit subject for confinement or treatment in the California Rehabilitation Center program. *The problem of criminality and need for control* appears to outweigh his amenability as a treatment candidate at this time." (Italics added.)

criminality or for other relevant reason, is not a fit subject for confinement or treatment in such . . . rehabilitation facility, he shall return the person to the court in which the case originated for . . . further proceedings on the criminal charges. . . .'' (Stats. 1963, ch. 1706, p. 3355).

In *In re Swearingen,* 64 Cal.2d 519 [50 Cal.Rptr. 787, 413 P.2d 675], the petitioner had been received at the Center on May 14, 1965. He, too, was a parolee and on June 21 was sent to another facility for an Adult Authority hearing. As in the case at bench, a diagnostic study had been made prior to the hearing by the Adult Authority and following recommendation of the C.R.C. superintendent, parole was revoked.

In *Swearingen,* the court held that the petitioner had been improperly rejected at the rehabilitation center, stating at page 521: ''Prior to the 1963 amendment, the section [6453 of the Penal Code] provided: 'If at any time the Director of Corrections concludes that the person is not a fit subject for confinement or treatment. . . .' (Stats. 1961, ch. 850, p. 2226.)

''Thus, by the 1963 amendment, the Legislature narrowed the power of the Director of Corrections to return a person committed to the rehabilitation center, authorizing him to return such a person only if he should conclude, *after* 60 days following receipt of the person at the facility, that because of excessive criminality or for other relevant reason the person was not a fit subject for confinement or treatment.

''The language of the statute clearly requires *that an evaluation be made of such persons* at the rehabilitation center *during a period of 60 days* to determine whether or not they are fit subjects for the program.

''In the present case, the certification that petitioner was not a fit subject for confinement or treatment was made after the expiration of the 60 day period, but the *conclusion* that he was not a fit subject for confinement or treatment was admittedly made more than three weeks before the expiration of the 60 day period and *without the petitioner's having been given any tests or treatment at the center.*

''Under the circumstances, the prescribed procedure was circumvented in petitioner's case.'' (Italics added.)

The facts of the case at bench are almost identical to those in *Swearingen.* The only difference is that appellant in the present case was not sent to the Adult Authority for hearing until the expiration of the 60 days. That fact, however, is

irrelevant; *Swearingen* makes clear that no *conclusion* about amenability to treatment may be made prior to the expiration of the 60-day period. As we have noted, the superintendent recommended rejection of appellant for reasons of "control" on June 30, 1965, only 47 days after appellant's arrival at the Center. In addition, there is nothing in the record to indicate that appellant was given tests or treatment.

In *In re Rascon*, 64 Cal.2d 523 [50 Cal.Rptr. 790, 413 P.2d 678], the committing court chose to inform itself of the likelihood of the petitioner's admission into the C.R.C.'s program before exercising his discretion under then Penal Code sections 6451-6453 commitment procedure. The Supreme Court held that the trial court was entitled to consider a letter on this matter sent by the superintendent of the Center stating that it was most unlikely that petitioner would be accepted by them. The court noted, however at p. 527:

"If the trial court had committed petitioner to the rehabilitation center the Director of Corrections, by the terms of section 6453 of the Penal Code (now Welf. & Inst. Code, § 3053), would have been *required* to hold the petitioner at the center for a period of 60 days *and at the end of that time make a determination whether* petitioner was a fit subject for the program." (Italics added.)

· It is clear from *Swearingen* that no "determination" of whether a person is a fit subject for the C.R.C. program can be made until the end of the 60-day period. It may be that such determination can be made from a diagnostic study based upon the record alone. *Swearingen*, however, does indicate that "tests or treatment" may be required in addition to the record.

We have augmented the file on our own motion and find nothing in the record which indicates that the C.R.C. did anything other than make a diagnostic study predicated upon appellant's past criminal record. In view of the cases cited and the state of the record, it is apparent that the determination of the superintendent of the C.R.C., which excluded appellant from the rehabilitation program of the Center, was not in accordance with the requirements of section 6453 of the Penal Code as amended in 1963. (Welf. & Inst. Code, § 3053.)

It is to be noted, however, that the revocation of appellant's parole by the Adult Authority is in no wise limited by the statutory provisions concerning commitment to the rehabilitation facility. (*People* v. *Rummel*, 64 Cal.2d 515, 518 [50 Cal.Rptr. 785, 413 P.2d 673]; *In re Swearingen, supra,* at

p. 522.) The action of the Adult Authority on the facts at bench is one over which we have no control.

Since the judgment and sentence from which this appeal is taken, are the result of a premature rejection at the rehabilitation center, we vacate the judgment to afford the Adult Authority, should it be so advised, the opportunity to vacate its revocation of parole and afford appellant the opportunity for rehabilitation provided by the statute. In the event the Adult Authority does not within 30 days from the return of the remittitur herein, reinstate appellant's parole and return appellant to the trial court for recommitment to the C.R.C., appellant is hereby remanded to the trial court for reinstatement of the judgment or rearraignment for sentence.

The judgment is vacated and the cause remanded for further proceedings in accordance with the opinion.

Herndon, J., and Fleming, J., concurred.