[Crim. No. 11203.   Second Dist., Div. Three.   Jan. 19, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD
LEROY BERRY, Defendant and Appellant.

Howard Meyerson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

MOSS, J.—Defendant was convicted in 1964 of possessing heroin and marijuana for sale in violation of sections 11500.5 and 11530.5 respectively of the Health and Safety Code. At the time of this conviction he was on probation following conviction in 1959 of possession of marijuana in violation of section 11530 of the Health and Safety Code. On June 11, 1964, after reading the probation report, the court found that defendant was probably addicted to the use of narcotics, revoked probation in the earlier case and ordered that proceedings be initiated with respect to him under Penal Code section 6451.[1] Later, the superintendent of the rehabilitation center (under authority of the Director of Corrections[2]) certified to the court pursuant to Penal Code section 6453[3] that defendant was not a fit subject for confinement or treatment at the center. The court ordered defendant returned for further proceedings and thereafter revoked probation in the earlier case (superior ct. No. 211580) and denied probation in the later case. (Superior ct. No. 284286.) Thereupon the court sentenced defendant to state prison in the later case and county jail in the earlier case, both sentences to run concurrently. He appeals from the judgments. (Pen. Code, § 1237, subd. 1.)

Defendant's sole contention on appeal is that the trial court erred in failing to find that the Director of Corrections had abused his discretion in rejecting defendant for the rehabilitation program.

The record of proceedings in the earlier criminal case, the later criminal case and the civil commitment proceedings (conducted in department 95, No. NDA 3393) are before this court by reason of the augmentation of the record whereby the entire superior court files in said cases were transmitted here.

Defendant was received at the California Rehabilitation Center on June 26, 1964, and certified as unfit for confinement or treatment by letter of the superintendent dated September 25, 1964.

Upon the return of defendant from the Department of Corrections, the court (in department 95) ordered the civil commitment proceedings dismissed and referred further criminal proceedings in both criminal cases to the judge who had tried the later case. (NDA 3393(I).) After several continuances (as to which no question is raised on this appeal) the defendant came before the court for sentencing in both cases

---

[1]Reenacted 1965 as Welfare and Institutions Code section 3051.

[2]As provided by Penal Code section 5055.

[3]Reenacted 1965 as Welfare and Institutions Code section 3053.

on March 18, 1965. Before pronouncing sentence the court stated, "The court is in receipt of the report returning you from Department 95. The court has read and considered the report and, likewise, read and considered the probation report on file herein, along with the supplements."[4]

The statutory scheme under which defendant was initially committed to the narcotics facility requires the trial judge to conduct proceedings to ascertain if the convicted defendant "is addicted to narcotics or in imminent danger thereof unless in the opinion of the judge *the defendant's record and probation report* indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section." (Italics added.) Penal Code section 6451 (now Welf. & Inst. Code, § 3051). The statute thus makes clear that the trial judge, in forming his opinion as to the defendant's fitness for commitment shall rely upon the defendant's record and probation report. It is also proper for the trial judge to request guidance from the Director of Corrections at this stage of the proceedings and to rely upon the information and recommendations received. (*In re Rascon*, 64 Cal.2d 523 [50 Cal.Rptr. 790, 413 P.2d 678]; *People* v. *Corona*, 238 Cal.App.2d 914, 923 [48 Cal.Rptr. 193].) His decision will not be disturbed on appeal in the absence of abuse of discretion. (*People* v. *Zapata*, 220 Cal.App.2d 903, 913 [34 Cal.Rptr. 171].)

The initial determination of the trial judge that a person is not an unfit subject for commitment is made reviewable by the Director of Corrections. Penal Code section 6453 (now Welf. & Inst. Code, § 3053) provides that the director shall return a person from the narcotics treatment facility if at any time after 60 days following receipt of the person "the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment" in the program.

There is no specific statutory provision for review by any court of the determination of the director under section 6453 of the Penal Code. However, the trial court should require the Director of Corrections to reconsider his decision

---

[4]We take this language to mean that the trial judge read and considered the probation reports in both of the cases before him as well as the report attached to the letter of September 25, 1964, from the superintendent of the California Rehabilitation Center, all of which were in the superior court files. (*People* v. *Montgomery*, 135 Cal.App.2d 507, 514 [287 P.2d 520].)

850

where the record shows that the director, in rejecting a person, abused his discretion. (*In re Swearingen,* 64 Cal.2d 519 [50 Cal.Rptr. 787, 413 P.2d 675] ; *People* v. *Gallegos,* 245 Cal. App.2d 53 [53 Cal.Rptr. 663] ; cf. *People* v. *Sunderman,* 244 Cal.App.2d 628 [53 Cal.Rptr. 326].) [director reached his conclusion before the expiration of the 60-day period] ; (*People* v. *Rummel,* 64 Cal.2d 515 [50 Cal.Rptr. 785, 413 P.2d 673] ; *People* v. *Pate,* 234 Cal.App.2d 273 [44 Cal.Rptr. 462]) [director misconstrued the law as to the eligibility of a person for the program]. ▆ In reviewing a decision of the director the trial court may rely upon the record, probation reports and information furnished to the court by the director. We see no reason to require the trial judge to conduct an independent investigation upon review of a decision of the director when such investigation is not required by the statute when the trial judge initially determines the fitness for commitment of a convicted defendant. (*People* v. *McCowan,* 244 Cal.App.2d 624, 627-628 [53 Cal.Rptr. 406] ; *People* v. *Marquez,* 245 Cal.App.2d 253, 256-257 [53 Cal.Rptr. 854], hrg. den. Nov. 23, 1966.)

We turn now to the record and reports before the court when it sentenced defendant. The record as augmented shows that in 1959 defendant was convicted of a violation of Health and Safety Code section 11530 by reason of his possession of a package of marijuana. He was placed on probation for three years. One of the conditions of probation was that he abstain from use of narcotics. On April 28, 1961, after receipt of a probation officer's report stating that defendant had been found by police with marks on his arm indicating use of narcotics, that defendant had held no employment during the entire probationary period and that because of a lack of funds his wife and three children had been supported exclusively by his wife and her parents, the court revoked and reinstated probation on condition that defendant spend six months in county jail.

A probation officer's report filed with the court on May 21, 1963, stated that narcotics detectives in Van Nuys had notified the probation officer that defendant was suspected of dealing extensively in narcotics. The police had received information from narcotics addicts that they were buying narcotics from someone named "Ritchie" in the Hollywood Hills. When police entered a residence where they suspected narcotics activity was taking place, as soon as the officers identified themselves, the defendant reached for some capsules, put them in

his mouth and swallowed them by the time the police were admitted to the room. Defendant was found by the police to have over $400 on his person at that time and he appeared to be under the influence of narcotics. While the police were interrogating defendant, three other persons who were known to have narcotics records called at the residence. The probation officer also reported that defendant had made no contributions to the support of his family. Following receipt of this report, the defendant was found in violation, probation was revoked and he was referred to department 95 pursuant to section 6451 of the Penal Code. He was returned from department 95 as not addicted to narcotics, whereupon probation was modified by extending the period of probation to June 12, 1965.

At the time of his second narcotics conviction defendant was found in possession of 119 grams of marijuana and 17 grams of heroin.

The probation officer in his supplemental report filed with the court on May 13, 1964 (approximately one month before sentence was imposed) reported that during the period that defendant was on probation he had consistently falsified his address and had been contacted by police officers on more than one occasion for associating with known narcotics users. To that date he had still made no effort to support his dependents.

The superintendent of the California Rehabilitation Center in his letter of September 25, 1964, gave his reasons for rejection of defendant as follows: ''After Subject's arrival here, our Parole and Community Services Division made a special investigation of the case in an attempt to establish the degree of his illicit narcotic trafficking. A copy of the special investigation report is incorporated in the Cumulative Case Summary which we are enclosing. At the time of the special investigation, investigating and arresting officers of the Los Angeles Police Department were contacted. Officers of the Narcotic detail of the Van Nuys Division of the Los Angeles Police Department stated that they were familiar with Berry's extensive sales activities. Berry was described by the officers as the biggest dealer of heroin in the North Hollywood area. According to police information, Berry was selling in ounces and fractions of an ounce, and not in any smaller quantities. The officers further stated that they had, in the past, received reliable information from a number of sources that Berry was selling narcotics and that he was being helped in this activity

by his father. Detectives further advised that on more than one occasion they had observed Berry in the company of his father when involved in narcotic transactions. In view of the circumstances, Berry is being referred to the Court pursuant to Penal Code Section 6453, as unsuitable for treatment in the California Rehabilitation Center because of excessive criminality in the form of commercial-like narcotics sales activity. Further proceedings on the criminal charges (Superior Court Case Numbers 284286 and 211580) are recommended. It would appear that imposition of the suspended sentence and commitment to the regular facilities of the Department of Corrections would afford the necessary control in his case.'' The report which accompanied the letter shows that the superintendent obtained his information about defendant's narcotic sales activity from the probation reports summarized above and from interviews by an agent with three police officers who professed to be familiar with defendant's extensive sales activities. The interviews confirmed the information in the probation reports.

The information before the director and the trial judge showed that defendant had responded to probation in an earlier narcotics offense by engaging in extensive narcotic sales activity which gave rise to his second conviction. He appeared indifferent to his personal obligations and the sanctions of the penal law. The narcotic rehabilitation program requires in the subject a certain amount of cooperation and willingness to accept responsibility. The Director of Corrections did not abuse his discretion in finding that defendant was unfit for commitment and the trial court properly so concluded.

After his return from the narcotics detention facility, and before he was sentenced, defendant filed in the trial court a petition for writ of habeas corpus. In his petition defendant requested that the Director of Corrections be ordered to accept him for treatment on the following grounds: (1) the director had no authority to reject defendant after the trial court had found that defendant was not an unfit subject; (2) the order of the court made in department 95 returning defendant to the trial court for sentencing was based upon insufficient evidence; and (3) the Director of Corrections had failed to keep defendant under observation for the 60-day period required by Penal Code section 6453. The petition was denied. At the time of sentencing, defendant asserted the same grounds (by reference to his petition for habeas corpus) as legal cause why

the judgments here appealed from should not be pronounced. The trial court properly overruled defendant's objections to sentencing.

■ The trial court's determination of defendant's eligibility for the narcotics rehabilitation program was only tentative and subject to review by the Director of Corrections and his staff. (*People* v. *Marquez, supra,* 245 Cal.App.2d 253 at p. 256.) The statute obviously does not make the court's initial determination of eligibility under Penal Code section 6451 binding upon the director in deciding whether to return a person pursuant to Penal Code section 6453.

■ Upon receipt of the superintendent's letter rejecting defendant from the program, the judge in department 95 (to whom the letter was addressed) dismissed the civil commitment proceedings and ordered defendant returned for sentencing to the trial court. This procedure was proper. (Pen. Code, § 6453; see *People* v. *Strickland,* 243 Cal.App.2d 196, 199 [52 Cal.Rptr. 215].)

■ The report which accompanied the superintendent's letter shows that the initial field study was prepared on August 12, 1964 (47 days after defendant was received at the facility) and that the balance of the report was made during the period September 4 to 21, 1964 (70 to 87 days thereafter). The superintendent (acting for the Director of Corrections) reached his conclusion to reject defendant for the program on September 21, 1964, after reviewing all of the information that had been gathered by his staff. He complied with the 60-day provision of Penal Code section 6453. (*In re Swearingen, supra,* 64 Cal.2d 519; *People* v. *Sunderman, supra,* 244 Cal.App.2d 628.)

The judgments are affirmed.

Ford, P. J., and Cobey, J., concurred.