[Crim. No. 16426.  Second Dist., Div. Four.  Dec. 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD DOMINGUEZ, JR., Defendant and Appellant.

**COUNSEL**

Ronald J. Stauber, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was charged with burglary and with receiving stolen goods; two prior felony convictions were also alleged. He pled guilty to the receiving count;[1] criminal proceedings were suspended and he was committed to the California Rehabilitation Center. Ninety days later, he was returned to the criminal court on the finding of the superintendent that he was unsuitable for treatment in the narcotic rehabilitation program. The criminal proceedings were resumed; the prior felonies were found to be untrue; the count charging burglary was dismissed; defendant was sentenced to state prison.

Thereafter, defendant filed, in propria persona, a petition in *coram nobis,* which was denied without a hearing. He has appealed from that order. We affirm.[2]

On this appeal, counsel urges: (1) that the rehabilitation proceedings were improperly terminated; (2) that his guilty plea was illegally induced; and (3) that he was denied due process of law because his motion to suppress evidence, made under section 1538.5 of the Penal Code, was never formally determined.

I

On March 11, 1968, the trial court suspended the criminal case and

---

[1]There were numerous intermediate proceedings in which the receiving count was added and in which defendant pled and withdrew pleas. We state only the ultimate procedure on which the judgment rests.

[2]Although the petition was denied without a hearing, an examination of it disclosed that, although it was defective in reciting only conclusions rather than facts, it did rely on one potentially material matter. Therefore, we appointed counsel for defendant and he filed a brief raising two matters (hereinafter discussed) which, although, as will appear, we find insufficient to secure a reversal, were not frivolously urged. For that reason, when the Attorney General moved to dismiss the appeal, we sought and secured a stipulation that we might, if further examination indicated, determine the appeal on its merits. We have made such an examination of the record and authorities; we deny the motion to dismiss; we affirm the order.

ordered proceedings instituted under the California Rehabilitation Act. On January 12, 1968, the superintendent of the California Rehabilitation Center had written a letter (apparently addressed to defendant) which indicated: (1) that defendant had theretofore been committed to that institution in some earlier proceeding; and (2) that, in light (inter alia) of defendant's conduct while on out-patient status, the superintendent did not think him suitable for a return to the program. That letter was called to the attention of the trial court. In spite of the letter, the court did institute new commitment proceedings, defendant was committed, he was held for the statutory period of observation, and was then returned to the criminal court.

While, as we said in *People* v. *Corona* (1965) 238 Cal.App.2d 914, 921-923 [48 Cal.Rptr. 193], the trial judge could properly consider the superintendent's letter, he was not bound by it. The preliminary decision that defendant's record did not "indicate such a pattern of criminality that he does not constitute a fit subject for commitment," was one for him to make in the exercise of his own discretion. Once he had so determined, Department 95, in which the commitment proceedings were held, had no jurisdiction to review that finding. (*People* v. *Strickland* (1966) 243 Cal.App.2d 186, 199 [52 Cal.Rptr. 215].) Since no issue is made of the finding of addiction there made, the commitment was valid. The superintendent, as was his statutory duty, then proceeded to make a re-evaluation of defendant, for the statutory period, and then made the decision to return which, as we have pointed out, was for him to make. (*People* v. *Hakeem* (1969) 268 Cal.App.2d 877, 881-882 [74 Cal.Rptr. 511]; *People* v. *Marquez* (1966) 245 Cal.App.2d 253, 256-257 [53 Cal. Rptr. 854].) The fact, if it be such, that his ultimate determination was based on all of his knowledge of defendant, including that gained from a previous commitment, does no more than to show that he acted after a full and complete study.

We can find no error in the termination of the rehabilitation proceedings and, thus, no error in resuming the criminal case.

## II

It is argued that defendant's decision to plead guilty was induced by confessions made by him at the time of his arrest, which arrest, and a search made at that time, he now contends were illegal. Defendant was represented by private counsel; that counsel had made a motion to suppress evidence under section 1538.5 of the Penal Code and determination of that motion was under submission. At that juncture, defendant changed his plea and pled guilty to the receiving count. There is nothing in the record, or in the allegations of his petition, to suggest more than that his counsel

had determined that his 1538.5 motion would be denied and that that denial would be unassailable on any later appeal. There is nothing to show that the advice, allegedly given, to plead guilty was anything other than a legitimate tactical decision by the attorney.[3] No unconstitutional inducement appears.

### III

■ The record shows that, at the time of the guilty plea, there was a discussion as to the fate of the 1538.5 motion. It is clear that, by that time, the court and counsel were concerned only with using that motion as a vehicle to secure the return of some money then in the hands of the sheriff and that if that matter could be administratively resolved, the 1538.5 motion would not be pursued. The motion was continued to a later date, at which time the rehabilitation proceedings were ordered and the motion was not mentioned. We think it clear that the hoped-for administrative disposition of the money had been accomplished and that everyone assumed the motion had been abandoned. Since the only advantage that a ruling on the motion could have given defendant, at that stage, would have been in support of an appeal from the conviction—which no one had in mind[4]—we can see no prejudice in the informality with which the motion was treated.

The motion to dismiss the appeal is denied; the order appealed from is affirmed.

Files, P. J., and Dunn, J., concurred.

---

[3] We cannot say, on the record before us (which includes the testimony at the preliminary examination) that, as the law stood in the spring of 1968, counsel was necessarily inadequate if he concluded that his motion was doomed to fail.

[4] The record is clear that defendant and his counsel were, by that time, concerned only with having defendant recommitted to the California Rehabilitation Center—a result which was accomplished.