[Crim. No. 6845. Fourth Dist., Div. One. Apr. 24, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM PIERCE WISDOM, Defendant and Appellant.

## Counsel

Paul Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Conrad D. Petermann and Jeffrey A. Joseph, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**COUGHLIN, J.*** —Defendant appeals from judgments in separate actions sentencing him to imprisonment in the state prison for robbery in the second degree and attempted burglary. The judgments were entered May 9, 1974. Previously, imposition of sentence in each action had been suspended and orders made, pursuant to Welfare and Institutions Code section 3051, directing petitions be filed to determine whether defendant should be committed to the Director of Corrections for detention, treatment and rehabilitation in the narcotics facility of the State of California.

Section 3051 provides, upon conviction of a defendant, if it appears to the judge he may be addicted or in imminent danger of being addicted to narcotics, the court may adjourn the proceedings, or suspend imposition or execution of sentence, and order the district attorney to file a petition to determine whether defendant should be committed to the

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Director of Corrections for detention, treatment and rehabilitation in a narcotics facility "unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for [treatment] under this section." At a hearing on this petition the court determines whether defendant is addicted or in imminent danger of becoming addicted.

In each of the orders directing petitions pursuant to section 3051 the court expressed the opinion defendant's "record and probation report does not indicate that he would be an unfit subject for commitment."[1]

The petitions were filed; hearings were held thereon; the defendant was found to be addicted or in imminent danger of being addicted to narcotics; and orders committing him to the Director of Corrections for confinement in the California Rehabilitation Center (CRC) were entered, respectively, on November 14, 1973, and February 14, 1974. In the first proceeding defendant asked for a jury trial on the issue of addiction or imminent danger of addiction, and execution of the order was stayed pending disposition of this trial. On February 14, 1974, defendant withdrew his demand for a jury trial, and the court vacated the stay order. Commitments were issued and defendant was delivered to CRC on February 20, 1974. On April 8, 1974, the Director of Corrections, pursuant to Welfare and Institutions Code section 3053, concluded defendant was unsuitable for retention in the rehabilitation program based on his "long record and past incarceration and continued serious aggressive criminality."

Section 3053 provides, in the event a defendant is committed pursuant to section 3051 and is delivered to the designated facility, if the director, at any time thereafter, concludes the defendant "because of excessive criminality . . . is not a fit subject for confinement or treatment in [the] . . . facility," the Director shall return the defendant to the court for further proceedings on the criminal charges.

Defendant was returned to the trial court; the criminal proceedings were reinstated, and at the hearing respecting such defendant, through his attorney, reviewed his criminal background; stated there was no pattern of violence or criminality until he became addicted to heroin; and urged he be returned to CRC or given some honor camp time. There was no showing the conclusion of the director that defendant was unfit

---

[1]The reasons for this expression of opinion are not shown.

for the rehabilitation program because of excessive criminality was an abuse of discretion. The court concluded defendant should be committed to the Department of Corrections, and sentenced him to imprisonment in the state prison.

■ Defendant contends section 3053 is unconstitutional because it confers upon the Director of Corrections authority to veto a decision of the court pursuant to section 3051, contrary to the constitutional proscription applied in *People* v. *Superior Court (On Tai Ho)* 11 Cal.3d 59 [113 Cal.Rptr. 21, 520 P.2d 405], *People* v. *Navarro,* 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481] and similar decisions. This contention, as applied to the case at bench, is premised on the fact the court allegedly found defendant's record and probation report did not indicate such a pattern of criminality that he did not constitute a fit subject for treatment at a narcotic rehabilitation facility; and the order of the director returning the defendant for further proceedings in the criminal court was void.

The provisions of the Welfare and Institutions Code concerning the involuntary commitment of a person convicted of a crime to the Director of Corrections for confinement in a narcotic rehabilitation facility authorize two separate and distinct determinations respecting the effect of his criminality upon his fitness to participate in the rehabilitation program provided by the state. Each determination is for a separate and distinct purpose (gen. see *People* v. *Dominguez,* 2 Cal.App.3d 1072, 1075 [83 Cal.Rptr. 226]). One determination is judicial and the other is administrative.

As noted, section 3051 directs the court, in the event it appears to the judge the defendant may be addicted or in imminent danger of becoming addicted to narcotics, among other things, to adjourn the proceedings and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for participation in the narcotics rehabilitation program "unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment *under this section.*" (Italics ours.) In forming an opinion on the question of defendant's criminality and its relationship to his fitness for commitment, obviously, the judge exercises a judicial function. However, the purpose thereof is limited to determining whether the defendant is a fit subject for commitment under section 3051. The determination thus made relates only to a condition precedent

to institution of proceedings to determine whether he is addicted or in imminent danger of becoming addicted (gen. see *People* v. *Rummel*, 64 Cal.2d 515, 516 [50 Cal.Rptr. 785, 413 P.2d 673]), and whether he should be committed for placement in the rehabilitation program; in effect determines only whether it is worthwhile to try him on the program; and is a tentative determination (*People* v. *Davidson*, 25 Cal.App.3d 79, 82 [101 Cal.Rptr. 494]; *People* v. *Berry*, 247 Cal.App.2d 846, 853 [56 Cal.Rptr. 123]; *People* v. *Marquez*, 245 Cal.App.2d 253, 256 [53 Cal.Rptr. 854]).[2] The decision and findings incident thereto, as outlined, are not subject to veto by the Director of Corrections, as contended by defendant (gen. see *People* v. *Dominguez, supra*, 2 Cal.App.3d 1072, 1075). The decision to institute proceedings to place the defendant in the program is complete upon making the order directing the district attorney to file the designated petition *(ibid)*. In the event the legal proceedings instituted by the petition result in a finding of addiction or imminent danger of addiction and a final order of commitment, the preliminary judicial functions prescribed by the statute are completed.

At any time after receipt of the defendant at the designated facility, the Director of Corrections may return him to the court for further proceedings on the criminal charges in the event the director concludes the defendant "is not a fit subject for confinement or treatment in the facility" because of excessive criminality or other relevant reasons. This is an administrative decision. Pertinent is the following from *People* v. *Marquez, supra*, 245 Cal.App.2d 253, 256-257: ". . . the judge has no expertise to decide, and the statute does not assume that he will decide, that the defendant, in fact, is a fit subject for commitment and treatment, judged either by his past record or by his ability (for reasons either of character, intelligence or aptitude) to respond to treatment; the judicial decision is merely that, as far as the court's limited knowledge about defendant, and the judge's nonexpert opinion, permit, it is worthwhile to try the rehabilitation program in his case. But whether or not any given defendant can be treated with success is a fact which, in the last analysis, must be determined not by judges but by people trained in that field and actually engaged in the treatment process. Hence, out of practical necessity, the statute leaves to the professional experts the final decision on whether or not treatment should be begun or be continued." (*People* v. *Marquez, supra*, at pp. 256-257.)

---

[2]The decision of this court in *People* v. *Gentry*, 42 Cal.App.3d 444, 450 [116 Cal.Rptr. 869], is not in conflict with the cited cases. A finding a convicted person is a fit subject for the narcotic rehabilitation program is merely a finding in the first step bringing him to the attention of the Director of Corrections.

In substance the court, through the proceedings authorized by section 3051, determines whether the defendant should be committed to the Director of Corrections to permit the latter, through the proceedings authorized by section 3053, to determine whether defendant is a fit subject for the rehabilitation program. Stated otherwise the judicial decisions under section 3051 resulting in commitment of the defendant cause and permit him to be confined in the rehabilitation facility, whereas the administrative decision under section 3053 determines whether he may remain in and receive the treatment provided by the facility.

Legislative assignment of the functions under section 3051 as judicial functions and of the functions under section 3053 as administrative functions is not constitutionally proscribed. As stated in *People* v. *Marquez, supra,* 245 Cal.App.2d 253, 257: "Since a defendant has no absolute right to treatment under the program, the Legislature may make continuance of treatment conditional on any reasonable criterion, determined by such agency as it may reasonably select." (See also *People* v. *Fuller,* 20 Cal.App.3d 159, 165 [97 Cal.Rptr. 455]; *People* v. *Hakeem,* 268 Cal.App.2d 877, 881 [74 Cal.Rptr. 511].)

The Legislature was not required to authorize the court to institute proceedings to effect commitment of a convicted defendant to a narcotics rehabilitation program. On the other hand, the Legislature having conferred the authority, the authorized rehabilitation commitment proceedings become a part of the sentencing process, which is a judicial function (see *People* v. *Navarro, supra,* 7 Cal.3d 248, 250, 258-259). Nevertheless, the authority conferred is a limited authority, namely, upon certain conditions to institute proceedings to determine whether the defendant is addicted or in danger of becoming addicted and, upon an affirmative finding, to commit him to the Director of Corrections for processing and consideration under the rehabilitation program. Conditions precedent to institution of a rehabilitation commitment proceeding pursuant to section 3051 are: 1) it must appear to the judge the defendant *may be* an addict or *may be* in imminent danger of becoming an addict; and 2) in the opinion of the judge defendant's *record and probation report* do not indicate such a pattern of criminality that he does not constitute a fit subject for commitment.[3]

---

[3]This language casts the duty of the judge in terms of an affirmative, whereas the language of the statute casts the duty "in terms of a negative." (*People* v. *Marquez, supra,* 245 Cal.App.2d 253, 256.)

■  The administrative decision of the Director pursuant to section 3053 is subject to judicial review to determine whether it constitutes an abuse of discretion (*People* v. *Morgan,* 21 Cal.App.3d 33, 38-39 [98 Cal.Rptr. 165]; *People* v. *Fuller, supra,* 20 Cal.App.3d 159, 165).

The statute does not authorize the director to exercise a judicial function; vest in him the authority to veto a judicial decision; permit him to interfere with the sentencing process which the court adjourned; or intrude upon an exercise of the judicial function to review the administrative decision.

The foregoing conclusions are determinative of defendant's constitutional and related contentions which we find to be without merit.

The judgments are affirmed.

Ault, Acting P. J., and Whelan, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1975.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.