[Crim. No. 15034. First Dist., Div. Four. Mar. 5, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
VICTOR R. PEORO, Defendant and Respondent.

[Civ. No. 38202. First Dist., Div. Four. Mar. 5, 1976.]

ROLAND WOOD, as Superintendent, etc., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
MAX RALPH TOSCANO, Real Party in Interest.

[Civ. No. 38203. First Dist., Div. Four. Mar. 5, 1976.]

ROLAND WOOD, as Superintendent, etc., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
NORMAN E. SCOTT, Real Party in Interest.

[Crim. No. 15265. First Dist., Div. Four. Mar. 5, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
RAYMOND MARTINEZ et al., Defendants and Respondents.

---

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and David Schneller, Deputy Attorneys General, for Plaintiff and Appellant and for Petitioner.

No appearance for Defendants and Respondents and for Real Parties in Interest.

---

**OPINION**

**CALDECOTT, P. J.**—In these separate proceedings the People of the State of California and Roland Wood, Superintendent of the California Rehabilitation Center (CRC) seek a stay of execution of three orders of the San Francisco Superior Court and one order of the Sonoma County Superior Court recommitting certain criminal defendants to the CRC after Superintendent Wood had ordered them excluded. Since the People are appealing all four cases to this court we will treat these four petitions as petitions for writs of supersedeas.

The three cases originating in San Francisco involved defendants Victor Peoro, Max Toscano and Norman Scott. Each of these defendants was committed to the CRC pursuant to the provisions of Welfare and Institutions Code section 3051.[1] Each case was then evaluated at the

---

[1]That section provides in part: "Upon conviction of a defendant for any crime in any superior court, or following revocation of probation previously granted, whether or not sentence has been imposed, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition or execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section."

CRC pursuant to the provisions of Welfare and Institutions Code section 3053[2] and each one was rejected by Superintendent Wood for "criminal history . . . of assaultiveness" (Peoro), "excessive violence" (Toscano), and "excessive criminality and failure to respond to private programs" (Scott).

Each petitioner then sought and obtained a hearing in the San Francisco Superior Court to determine whether the director abused his discretion in finding the defendants unfit for the CRC. (See *People* v. *Morgan*, 21 Cal.App.3d 33 [98 Cal.Rptr. 165]; *People* v. *Berry*, 247 Cal.App.2d 846 [56 Cal.Rptr. 123]; *People* v. *Hakeem*, 268 Cal.App.2d 877 [74 Cal.Rptr. 511].) After the hearings, the trial judge ruled that in each case "there was an abuse of discretion by the authorities at California Rehabilitation Center in excluding the defendants from their program. . . ." The judge then ordered all three defendants returned to the CRC.[3] The People's requests for a stay of execution of judgment of the sentence pending their appeal of the recommitment order were denied by the trial judge.

The procedural history of the case of *People* v. *Raymond and Peggy Martinez* is virtually identical to the San Francisco cases. There, after the defendants had been excluded from the CRC, a judge of the Sonoma County Superior Court ordered that they be returned to CRC custody. The People also seek a stay of the execution of that order pending their appeal.

 The issue posed by the People is a narrow one: does the filing by the People of a notice of appeal from an order recommitting an excluded defendant to the CRC act to automatically stay the recommitment order?

―――――――――

[2]Welfare and Institutions Code section 3053 states: "If at any time following receipt at the facility of a person committed pursuant to this article, the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment in such narcotic detention, treatment and rehabilitation facility, he shall return the person to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted."

[3]The trial judge also personally ordered Superintendent Wood to accept custody of defendants Toscano and Scott, and threatened Wood with contempt if he failed to accept them at the center. Petitioner Wood asks that we prohibit the court from taking threatened action against him on contempt. In view of our decision on the merits of this case, this point is now moot.

The People persuasively argue that it does; we therefore deny their petitions on that ground.

The superior court's power to review an order excluding a defendant from CRC is a creature of case law, not statute. (*People* v. *Morgan, supra; People* v. *Berry, supra; People* v. *Hakeem, supra.*) This body of jurisprudence was expanded in *People* v. *Munoz,* 31 Cal.App.3d 87 [107 Cal.Rptr. 451], where the court held that the People could properly appeal from a recommitment order "as an appeal from an order made after a final judgment (order) in a special proceeding (Code Civ. Proc., §§ 904, 904.1, subd. (b); see *People* v. *Jasso, supra,* at p. 963)." (31 Cal.App.3d at p. 91.) In *Munoz,* however, the question of the effect of the filing of the notice of appeal was not considered.

As the court in *Munoz* noted, however, a commitment to the CRC is civil in nature (*People* v. *Jasso,* 2 Cal.App.3d 955, 964 [82 Cal.Rptr. 229]) and is appealable as a final judgment in special proceedings. (*In re De La O,* 59 Cal.2d 128, 156 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705]; *People* v. *Winfrey,* 13 Cal.App.3d 818, 825, fn. 7 [92 Cal.Rptr. 33]; *People* v. *Munoz, supra,* 31 Cal.App.3d at p. 91.) The People's appeal from the judgment was therefore authorized by, and subject to the restrictions of, the Code of Civil Procedure, particularly section 904.1, which states: "An appeal may be taken from a superior court in the following cases: . . . (b) From an order made after a[n] [appealable] judgment . . . ." Since it has been held that a recommitment order is appealable under Code of Civil Procedure section 904.1, it follows that the general rule of Code of Civil Procedure section 916, subdivision (a), should be applicable to these cases: "Except as provided in [Code of Civil Procedure] Sections 917.1 through 917.9 [not applicable here], the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . ."

The filing of the notice of appeal perfects the appeal. (See *California State Auto. Assn. Inter-Ins. Bureau* v. *Jackson,* 9 Cal.3d 859, 862, fn. 3 [109 Cal.Rptr. 297, 512 P.2d 1201].) Thus, once the notices of appeal were filed by the People in the four cases before us, the execution of the recommitment order was automatically stayed. Because we have so held, the issuance of a writ of supersedeas is unnecessary.

In each of the above proceedings the petition for writ of supersedeas is denied.

Christian, J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.