[Crim. No. 21914. Second Dist., Div. Four. Mar. 7, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVIS HORTON PRUETT, Defendant and Appellant.

## COUNSEL

Aberson & Chier and David F. Aberson for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Russell Iungerich and Kent L. Richland, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—In three informations appellant was charged with 10 separate felony violations. In case A272004 appellant pleaded guilty to second degree robbery (Pen. Code, § 211). In case A117626 appellant pleaded guilty to first degree robbery (Pen. Code, § 211). On August 27, 1971, criminal proceedings were suspended in these two cases and, on September 16, 1971, appellant was committed to the California Narcotics Rehabilitation Center as a person addicted to, or likely to become addicted to, narcotics.

In case A602272 appellant pleaded guilty to possession of marijuana (Health & Saf. Code, § 11530.5). On September 30, 1971, the petition under Welfare and Institutions Code section 3051 was amended to add the conviction in this case.

On January 31, 1972, the California Narcotics Rehabilitation Center returned appellant to superior court because of his "excessive criminality and assaultive behavior." On April 12, 1972, a hearing was held in superior court on appellant's exclusion from the center. Appellant was present with counsel. A representative of the center testified and appellant testified. At the close of the hearing, the court ruled that the requirements of due process were met under the provisions of appellant's treatment at the California Rehabilitation Center and denied appellant's motion to be returned to the center.

The court sentenced appellant to state prison in each case, the sentences to run concurrently. On April 18, 1972, appellant filed a notice of appeal from "that portion of the Judgment and Order denying defendant's motion to be recommitted to the California Rehabilitation Center at Corona, California, after rejection therefrom." We treat this as an appeal from each of the three judgments pronounced on April 12, 1972.[1]

In a series of cases, it has been held that whether a criminal defendant committed to the California Narcotic Rehabilitation Center should be retained there for treatment is a matter resting primarily in the sound professional judgment of the superintendent of that institution, acting upon, but exercising an independent judgment on, the reports and recommendations of his professional and custodial staff. The superior court hearing in the case at bench fully satisfied all of the requirements which have been heretofore imposed on such a hearing. (Consult, *People* v. *Hakeem* (1969) 268 Cal.App.2d 877, 881-882 [74 Cal.Rptr. 511], and authorities there cited.) Neither in the superior court, nor here, does defendant contend that the superior court hearing involved any procedural errors.

The contentions made below, and here are:

(1)    That the criminality relied on was that involved in the very crimes for which he had herein been convicted and, thus, was a kind of criminality known to the superior court when the commitment proceedings were instituted by it; and

---

[1]It is not contended that defendant was not properly convicted in the three cases herein involved. In fact, at the hearing in the superior court which followed his return from the narcotics rehabilitation center, he freely admitted his guilt of the crimes involved; the sole issue on this appeal is the validity of his exclusion from the treatment program at the center.

(2)    That the procedure at the center denied to defendant due process rights guaranteed to him under *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593].

The first contention was rejected in *People* v. *Hakeem, supra,* 268 Cal. App.2d 877, 882. We need not repeat here the reasoning therein set forth.

■    We reject, also, the second contention. *Morrissey,* and the California cases' which have followed and applied it, have dealt with the revocation either of probation or of parole. In other words, with situations where a probationer or parolee has been granted a "qualified" liberty, on the at least implied promise that that liberty will continue unless he violates the limitations imposed on him. But a person committed to the rehabilitation center has not been granted any liberty—qualified or unqualified. He has been subjected to incarceration, in a security institution. In section 3000 of the Welfare and Institutions Code, the Legislature has set forth the purposes of that incarceration: "It is the intent of the Legislature that persons addicted to narcotics, or who by reason of repeated use of narcotics are in imminent danger of becoming addicted, shall be treated for such condition and its underlying causes, and that such treatment shall be carried out for nonpunitive purposes not only for the protection of the addict, or person in imminent danger of addiction, against himself, but also for the prevention of contamination of others and the protection of the public." The administrative decision that those purposes can best be carried out in an institution, and under programs other than at the rehabilitation center, is not one which requires, or admits, of the kind of preliminary hearing that Morrissey contemplates.[2]

The judgments are affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 3, 1973.

---

[2]Whether *Morrissey* would apply to a return, under section 3152 of the Welfare and Institutions Code, of persons previously granted "out-patient status" under section 3151 is not before us in this case; we make no attempt to pass on that potential issue.