[Crim. No. 23762. Second Dist., Div. Two. May 7, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN GREGORY HILLOCK, Defendant and Appellant.

## COUNSEL

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Kent L. Richland, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Appellant pleaded guilty to possession of heroin (formerly Health & Saf. Code, § 11500, now, § 11350). The court found appellant to be a narcotics addict, and committed him to custody of the Department of Corrections for confinement in a narcotics rehabilitation facility under provisions of Welfare and Institutions Code section 3051. The director of the rehabilitation program thereafter determined appellant was not amenable to treatment and excluded him from the program. The court found the director did not abuse his discretion; it reinstated the criminal proceeding and imposed a prison term.

■ Appellant contends, "I The case should be remanded to the superior court because the record does not show whether, before his out patient status was terminated, appellant was given either a preliminary or revocation hearing required by *Morrissey*. II Appellant's exclusion from CRC was invalid because it was not preceded by *Morrissey* hearings."

A cumulative case summary from the rehabilitation center, introduced into evidence, shows appellant was received at the facility December 19, 1968. He was released to outpatient status in January 1970. Some two months thereafter he had returned to the use of narcotics, and with two other users was involved in a purse-snatching incident. Appellant was convicted of grand theft and was returned to the institution. (That conviction was reversed by this court in *People* v. *Hillock,* 2d Crim. No. 18497, filed June 21, 1971.) Released to outpatient status in August 1971, appellant was thereafter arrested once for disorderly conduct and later for attempted robbery and burglary following an alleged extortion attempt. As to the latter offense he was placed on probation, a portion of which time was to be spent in the county jail. In August 1972, appellant was arrested for petty theft and possession of a switchblade knife; he was convicted of both offenses. Proceedings were then commenced which culminated in his exclusion.

A special representative of the civil addict program testified the question of exclusion was considered at the various administrative levels of C.R.C.; two hearings were conducted, the first before correctional personnel, the second before two associate superintendents and a deputy superintendent; the final decision was made by the superintendent.

Appellant testified he was not given written notice of the allegations, was not given a written report of the reasons for exclusion, was not present at the hearings, and was not accorded opportunity to confront and cross-examine the witnesses against him.

Appellant urges this court to apply to the exclusion procedure the standards which were established for parole revocation in *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and extended to probation revocation proceedings in *People* v. *Vickers,* 8 Cal.3d 451, 458 [105 Cal.Rptr. 305, 503 P.2d 1313].

Here the question presented is not one of the individual's being committed to the institution, but of his being excluded from it. The determination of the superintendent in itself did not deprive appellant of liberty; it served only to return him to court where a hearing was conducted and sentence ultimately was imposed. The action of the superintendent is not

to be compared with that of a board in revoking parole, or of a court in revoking probation; it is more nearly analogous to that of a probation officer in *recommending* that probation be revoked, which action is followed (as was the recommendation here) by a hearing before the court, wherein the defendant has the opportunity to appear, to confront and cross-examine the witnesses against him, and to testify in his own behalf. The administrative action in itself thus is not subject to *Morrissey* standards. (*People* v. *Pruett,* 31 Cal.App.3d 1, 4 [105 Cal.Rptr. 204].) The evidence presented amply supports the court's determination that the superintendent did not abuse his discretion.

The judgment is affirmed.