Clifton P. INGRAM, Petitioner,

v.

R. E. REES, Superintendent,
Respondent.

No. C–74–2617–CBR.

United States District Court,
N. D. California.

Feb. 3, 1976.

Patrick F. O'Laughlin, Glenn, Barrett, Jinkerson & O'Laughlin, San Jose, Cal., for petitioner.

Evelle J. Younger, Atty. Gen., Jack R. Winkler, Chief Asst. Atty. Gen., Edward P. O'Brien, Derald E. Granberg, John W. Runde, San Francisco, Cal., for respondent.

ORDER OF DISMISSAL

RENFREW, District Judge.

Petitioner, a prisoner in state custody at the Sierra Conservation Center, Jamestown, California, filed a petition for a writ of habeas corpus challenging *inter alia* (1) the suspension and revocation of his outpatient status from the California Rehabilitation Center (hereinafter "CRC") and (2) his subsequent exclusion from CRC. The Court issued an Order to Show Cause on January 14, 1975. Respondent filed a return and petitioner filed a traverse to that return. The Court subsequently issued another order on September 16, 1975, requesting additional briefing of certain matters and the submission of supplementary evidentiary materials. In compliance with that order, supplementary memoranda and transcripts of various hearings were filed by the parties to this action.

Petitioner was committed to CRC pursuant to California Welfare and Institutions Code § 3051 and was received at that institution on June 1, 1971. He was released to outpatient status on November 15, 1971. On April 18, 1973, petitioner was arrested in Reno, Nevada, on felony charges. Petitioner's outpatient status was thereafter revoked, and on August 28, 1973, petitioner appeared before the Institutional Initial Classification Committee at CRC. He was informed at

that hearing of the Committee's intention to recommend exclusion from CRC, and he was immediately transferred to a Department of Corrections facility in Chino, California.

Pursuant to California Welfare and Institutions Code § 3052, petitioner was returned to the Superior Court of California, County of Santa Clara, for sentencing in the criminal proceedings which had previously been suspended in order to commit petitioner to CRC. Beginning on September 20, 1973, a series of hearings ensued, culminating in a hearing held on March 21, 1974, at which petitioner was informed he would not be recommitted to CRC. In the interim the criminal proceedings against petitioner in Nevada had been resolved; petitioner had pleaded guilty to simple possession of marijuana and was sentenced to one year in prison, to be served concurrently with whatever sentence California might impose in connection with its reinstituted criminal proceedings.

In its Order of September 16, 1975, the Court requested additional evidentiary material concerning what notice or hearings, if any, petitioner received in connection with the suspension and revocation of his outpatient status. At that time the Court noted that petitioner's first claim of denial of due process with respect to the revocation of his outpatient status would be moot if his subsequent exclusion from CRC were found valid. Because the Court finds petitioner's exclusion from CRC valid, the first claim is rendered moot.

Petitioner's second claim is that his exclusion from CRC did not comport with due process. Petitioner's argument depends upon two subsidiary claims: (1) that the Fourteenth Amendment requires a *Morrissey*-type final hearing prior to exclusion and (2) that the proceedings before the Santa Clara Superior Court did not constitute an exclusionary hearing.

 Whether the Fourteenth Amendment requires a *Morrissey*-type final hearing prior to exclusion from CRC depends upon whether such exclusion involves an interest in "liberty" which the Fourteenth Amendment was designed to protect. The California Appellate Court has twice analyzed this precise question and twice concluded that no such interest is present in the decision to exclude a person from participation in CRC. *People v. Pruett*, 31 Cal.App.3d 1, 4, 105 Cal.Rptr. 204, 206 (1973); *People v. Hillock*, 39 Cal.App.3d 36, 38, 113 Cal.Rptr. 823, 824 (1974). The court in *Pruett* specifically found the analogy to *Morrissey* inapposite:

> "*Morrissey*, and the California cases which have followed and applied it, have dealt with the revocation either of probation or of parole. In other words, with situations where a probationer or parolee has been granted a 'qualified' liberty, on the at least implied promise that that liberty will continue unless he violates the limitations imposed on him. But a person committed to the Rehabilitation Center has not been granted any liberty— qualified or unqualified. He has been subjected to incarceration, in a security institution." *People v. Pruett, supra*, 105 Cal.Rptr. at 206.

This is not to say one may be arbitrarily excluded from CRC. While there is no clear statutory authorization for a hearing to review the decision of the Director of CRC to exclude, the courts have implied the right to such a hearing upon return to a superior court pursuant to Welfare and Institutions Code § 3053. *People v. Hannagan*, 248 Cal.App.2d 107, 114, 56 Cal.Rptr. 429, 434 (1967). Petitioner contends, however, that review by a superior court is constitutionally inadequate, because the scope of review is narrowly limited to determining whether facts exist on which to base the decision to exclude and whether such decision was an abuse of discretion. The problem with petitioner's argument is that it fails to recognize that his interest is likewise narrowly limited. Since no substantial "liberty" interest is at stake, this Court cannot conclude that the circumscribed review exercised by the Santa Clara Su-

perior Court is constitutionally inadequate.

■ Whether the hearings actually conducted by the Santa Clara Superior Court in this case amounted to such review is a separate question. The proceedings were interrupted on many occasions and for a variety of reasons, but primarily in order to resolve the charges against petitioner in Nevada before passing upon the propriety of his exclusion from CRC. It is quite clear from the transcript of proceedings that petitioner was well aware of the specific reasons for his exclusion from CRC. It is also clear that petitioner had ample opportunity to be heard and was heard on these matters. Petitioner's complaint that these matters were never actually "litigated" misconstrues the limited function of the Superior Court's review. That court had before it uncontested evidence of petitioner's criminal conviction in Nevada, his absence from the state of California, and his failure to report in compliance with the conditions of his release to outpatient status. In short, the Superior Court had before it sufficient evidence to conclude that the Director's decision to exclude petitioner from CRC was not an abuse of discretion. Therefore, the proceedings before the Superior Court constituted an adequate exclusionary hearing. . Accordingly,

It is hereby ordered that the petition for a writ of habeas corpus is denied and the action herein dismissed.